## JACKSON v. BOYD.

1. **Imprisonment:** LENGTH OF TERM: JUDGMENT. The judgment of a justice of the peace committing a defendant to prison until the payment of a fine imposed is not void because it does not specify the extent of the imprisonment, the limit in such case being fixed by the statute.

2. **Intoxicating Liquors:** MUNICIPAL CORPORATIONS: INFORMATION. A municipal corporation may provide by ordinance that distinct offenses against its regulations in relation to the sale of liquors may be charged in the same information.

3. ——: ——: CONSTITUTIONAL LAW. Such an ordinance, imposing fines not exceeding one hundred dollars for each offense, is not in conflict with Article I, Section 11, of the Constitution of the State, which applies only to cases where the fine for a single offense may exceed one hundred dollars.

4. **Habeas Corpus:** IMPRISONMENT. Facts considered upon which it was held that a prisoner was properly remanded into custody on a hearing in a *habeas corpus* proceeding.

*Appeal from an order made by the Hon. James W. McKenzie, Judge of the 11th Judicial District.*

MONDAY, APRIL 26.

THE plaintiff, being in custody of the defendant by virtue of certain "warrants of commitment" issued by a justice of the peace, applied for and obtained a writ of *habeas corpus.* Upon the hearing before said judge he was discharged from custody under certain warrants and remanded under others. Both parties appeal.

*Huff & Reed* and *W. V. Allen,* for plaintiff.

*John Porter* and *E. W. Eastman,* for defendant.

SEEVERS, J.—It is insisted the order discharging the plaintiff from custody may be sustained on the following grounds:

I. It is said the judgment of the justice of the peace is

"void because it did not specify the length of time and num-

**1. IMPRISON-
MENT : length
of term :
judgment.**

ber of days the plaintiff should be imprisoned."
The judgment was that the plaintiff "stand com-
mitted to the jail of the incorporated town of
Eldora until the several fines and costs are paid."

The statute provides that: "A judgment that the defend-
ant pay a fine may also direct that he be imprisoned until the
fine is satisfied." Code, § 4689. "A judgment that the de-
fendant pay a fine may also direct that he be imprisoned un-
til the fine be satisfied, specifying the extent of the imprison-
ment, which shall not exceed one day for every three and
one-third dollars of the fine." Code, § 4509.

The provision that the justice may direct the time the
defendant shall be imprisoned is not mandatory, but is sim-
ply directory. If the justice fails to so state or direct in the
judgment this would not render it void. The extent of the
imprisonment is fixed and declared by the statute, and when
the defendant has been imprisoned the required length of
time he is entitled to be discharged.

II. The ordinance under which the defendant was con-
victed provides if any person shall give, barter, sell, exchange

**2. INTOXICAT-
ING liquors :
municipal
corporations :
information.**

or otherwise dispose of any vinous, spirituous,
mixed, malt or other intoxicating liquors within
the limits of the incorporated town of Eldora, he
shall be deemed guilty of a misdemeanor, and shall be fined,
etc., and that any number of violations of the ordinance by
the same person may be included in one complaint, and a
fine shall be imposed for each offense.

In one of the complaints or informations there were six
different offenses charged. It is urged the town had no
authority to enact an ordinance that distinct offenses might
be charged in the same information. The town had authority
to pass "ordinances not inconsistent with the laws of the
State." Code, § 482. Said town also had authority to "reg-
ulate or prohibit the sale of intoxicating liquors not prohib-
ited by the laws of the State." Code, § 463. Section 1540

of the Code provides that any number of violations of the prohibitory liquor law may be included in the same information or indictment. The ordinance is not inconsistent with the law of the State, but is in accord therewith both in letter and spirit.

III. The ordinance provides that a fine of not less than five nor more than fifty dollars may be imposed for each offense, and as any number of violations may be included in the same information, it will be readily seen the aggregate of fines in any case may exceed one hundred dollars, and, therefore, it is said the ordinance is in conflict with Art. 1, § 11 of the Constitution, which provides that "all offenses less than felony and in which the punishment does not exceed a fine of one hundred dollars or imprisonment for thirty days, shall be tried summarily before a justice of the peace or other officer authorized by law." This provision is not applicable to the case in hand. It does not declare that distinct offenses shall not be included in the same information, and only applies to a case where a fine may be imposed for a single offense for more than one hundred dollars.

*3. ——:——: constitutional law.*

IV. It is urged the warrants of commitment are void, because, *First*, they do not run in the name of "The State of Iowa," as provided in the Constitution, Art. 5, § 8; *Second*, because "they do not show that the plaintiff was convicted of any crime known to the law." It will be seen that neither of these objections attack the validity of the judgments, but only assail the sufficiency of the warrants of commitment.

*4. HABEAS corpus : imprisonment.*

When this cause was heard before the learned judge the judgments and proceedings before the justice were before him, and the statute provides that "although the commitment of the plaintiff may have been irregular, still, if the court or judge is satisfied from the evidence before them that he ought to be held to bail, or committed either for the offense charged or any other, the order may be made accordingly." Code, § 3485. If it be conceded the above men-

tioned defects in the warrants were sufficient to entitle the plaintiff to be discharged, this should not have been done, but he should have been remanded into custody and an appropriate order made in relation thereto.

V. The judgment directed that the plaintiff should be imprisoned until the fine and costs were paid. It is conceded that § 484 of the Code in terms so provides. But it is insisted that costs are nothing more than a debt, and that imprisonment for debt has been abolished by the Constitution, Art. 1, § 19. Conceding this to be true, the plaintiff was not entitled to be discharged until the fine was paid or satisfied as contemplated by law. If the learned judge was of the opinion the plaintiff could not be imprisoned for the non-payment of costs, he should have in an appropriate order so directed.

VI. It is said the plaintiff was entitled to be discharged because the prosecution was in the name of the State instead of the incorporated town of Eldora. No such question was made on the trial before the justice; if it had been, and conceding it was improperly overruled, *habeas corpus* is not the proper remedy. An application was made for a change of venue, and if it be admitted it should have been sustained to the full extent claimed, *habeas corpus* is not the proper remedy in such case. *Platt v. Harrison*, 6 Iowa, 79; *Zelle v. McHenry*, 51 Iowa, 572.

It is insisted the defendant has no sufficient interest in this action to allow him to appeal. No motion has been made to dismiss the appeal; but if there had been, we incline to think it should have been overruled. The result is that the order of the judge below is reversed on the defendant's appeal, and affirmed on the appeal of the plaintiff.