THE STATE v. VON HALTSCHUHERR.

1. **Intoxicating Liquors:** INFORMATION: SEVERAL COUNTS IN SAME LANGUAGE. In an information for the unlawful sale of intoxicating liquors, there were several counts in the same language, each charging the sale of intoxicating liquors "to a person whose name is unknown to affiant;" and there was nothing in the language of any of them indicating that the offense intended to be charged was a different offense from that charged in either of the others. *Held* that a demurrer should have been sustained to all but one of the counts, or that the state should have been required to elect on which count it would stand, and to confine the trial to that count. [BECK, J., *dissenting.*]

2. ——: SALE BY PHARMACIST: CRIMINALITY: ACTS NOT AFFECTING. The sale of intoxicating liquors by a registered pharmacist holding a permit is not rendered criminal by the fact that he fails to make to the county auditor the report required by law, nor by the fact that he sells at a greater profit than the law allows; and an instruction, such as given in this case, (see opinion,) from which the jury would draw a contrary inference, is *held* to be erroneous.

*Appeal from Creston Superior Court.*

TUESDAY, OCTOBER 11.

THE defendant was convicted of the crime of selling intoxicating liquors contrary to law, and he appeals from the judgment pronounced against him.

*Maxwell & Leonard* and *Phillips & Day*, for appellant.

*A. J. Baker*, Attorney-general, for the State.

REED, J.—I. The information contained thirty counts. The first, twenty-ninth and thirtieth counts charge unlawful sales of intoxicating liquors to persons who are named therein. The second count is as follows: "For that defendant, at the time and place as alleged in count one hereof, did sell intoxicating liquors, to-wit, one quart bottle of beer, more or less, or other intoxicating liquor, to a person whose name is unknown to affiant;" and the other twenty-six counts are in the same language. The defendant demurred to the counts from No. 3 to No. 28 inclusive,— one ground of the demurrer being that each of said counts described and charged the same offense which is charged in the second count; but the demurrer was overruled. He also moved the court to require the prosecutor to elect upon which one of the counts in which a sale to a person whose name is unknown is charged he would proceed, and to confine the trial to that count. That motion was overruled, and on the trial defendant was convicted on each count in the information, and judgment was pronounced against him upon each.

1. INTOXICATING liquors: information: several counts in the same language.

It was proven on the trial that defendant is a registered pharmacist; also that, at the time of the sales charged, he held a permit from the board of supervisors of the county authorizing him to buy and sell intoxicating liquors for medicinal, mechanical, culinary and sacramental purposes. It has been urged in argument that the provision of section

1540, which authorizes the charging of more than one offense in the same information or indictment, has no application to the case of a person who holds a permit to sell intoxicating liquors, for the reason that, by the express provisions of the section, it applies to sales by persons not holding such permits. While this question was not raised by either the motion or demurrer, it does, perhaps, fairly arise upon the whole record. We do not deem it necessary, however, at this time, to consider that question; but, for the purposes of the case, it will be conceded that defendant might properly be charged in the same information with different offenses. But, while this may be true, it is very clear, we think, that it should be shown by the averments of the different counts that the offense charged in each is different from those charged in the others. As stated above, the language of each of the counts demurred to is the same as that of the second count, and the charge in each would be proven by the same evidence which would establish that alleged in it. There is nothing in the language of any one of them indicating that the offense intended to be charged in it is a different offense from that charged in either of the others, and any evidence which might be admitted in support of it would be equally applicable to any or all of the others.

We think that the demurrer should have been sustained, or that the state should have been restricted, in the introduction of its evidence on the trial, to such as tended to sustain a single sale.

II. There was evidence which tended to prove that the persons to whom the defendant made sales at times in question represented that they desired to purchase the liquors for medicinal purposes; also that they signed printed or written applications for the liquors, which specified the purposes for which they wanted them. The superior court gave the following instructions to the jury:

2. ——: sale by pharmacist: criminality: acts not affecting.

"The law gives registered pharmacists, holding permits

from the board of supervisors, the right to sell intoxicating liquors for the actual necessities of medicine only, under certain provisons, to-wit: The party to whom the sales are made must sign a written or printed application for the liquor bought, specifying the purposes for which it is to be used, the kind and quantity, and when such application is made. The pharmacist, however, cannot lawfully sell the liquor on such application if he has reason to believe that the application is not made in good faith, and that the liquor would be used as a beverage; and he must, at his peril, use reasonable care and caution to ascertain for what use it is intended. (2) On or before the 10th day of each month, said pharmacist shall make to the county auditor a complete report, verified by his affidavit, showing all sales of intoxicating liquors made during the preceding calendar month, to whom sold, and the purpose for which the same was to be used, as represented by duplicate applications executed by each purchaser. (3) No pharmacist can accept an application from a minor, or from any person who is in the habit of becoming intoxicated; nor from one whose relatives have given the said pharmacist written notice that such person uses intoxicating liquors as a beverage; nor can they sell it at a greater profit than $33\frac{1}{3}$ per cent. If you find from the evidence, beyond all reasonable doubt, that defendant did sell intoxicating liquor to any person at and within the county of Union and state of Iowa, within one year prior to the 18th of August, 1886, then the burden is on the defendant to show, by a preponderance of the evidence, that said sale was lawful."

These instructions cannot be sustained. The jury would understand from them that, if sales were proven, it would be their duty to convict the defendant, unless he had shown that they were lawfully made, and that to establish their lawfulness he must prove that he had complied with the requirements of the statute enumerated in the first instruction, in the matter of making monthly reports, and as to the profit at which he had sold the liquors. The defendant was

required to make the report as stated in the instruction.   He was also forbidden to sell the liquors at a greater profit than $33\frac{1}{3}$ per cent.   But neither the failure to make the report, nor a sale at a greater profit than that prescribed, would render the sales unlawful, or subject him to the punishment prescribed as for an unlawful sale.   For the failure to make the report he would be subjected to a forfeiture of $100; and for a sale at an unlawful profit he is liable to double damages to the purchaser. (Code, §§ 1537, 1538.) These penalties are attached to those particular acts.   But the question of the lawfulness or criminality of the sale is not affected by them.

REVERSED.

BECK, J., *(dissenting.)*    The statute authorizes several counts to be joined in one indictment, charging separate acts of selling liquor in violation of law, each constituting a distinct offense.   In my opinion, a count which would be good as the averment of the offense in case only one were alleged in the indictment is sufficient when more than one offense is charged in a single indictment.   But it is said that, as the language of each count is the same, all are to be understood as alleging the same crime.   This conclusion is based upon the presumption that the pleader, in drawing the indictment, did the vain and absurd thing of repeating twenty-eight times the same language to describe the identical act.   Such presumptions are not indulged to defeat a pleading either in a civil or criminal case.   But if the several counts do in fact describe the same offense, and were so intended, this fact may and should be shown upon the trial.   If there was but one act of selling, instead of twenty-eight, that fact would be readily and certainly disclosed upon the trial, and defendant would be convicted upon one count only of the indictment.