# CHARLESTON.

## POWELL *v.* SMALLWOOD.

### Decided November 24, 1900.

1. TAX SALE—*Disability of Owner—Redemption.*

   Under our statute allowing the redemption of lands that have been sold for taxes, the committee of an insane person may, during the continuance of the disability, redeem the lands of such lunatic by complying with the requirements of the statute. (pp. 299, 300).

2. TIME OF REDEMPTION EXTENDED—*Personal Privilege.*

   Section 30 of chapter 31 of the Code, by extendng the time within which such redemption may be effected after such disability is removed, merely confers a personal privilege upon the person laboring under such disabiity, and in no manner interferes with the right to redeem during the desirability. (pp. 299, 300).

Appeal from Circuit Court, Taylor County.

Action by George F. Powell, committee of William P. Kemble, against J. H. Smallwood. From a judgment dismissing plaintiff's bill, he appeals.

*Reversed.*

W. R. D. DENT, for appellant.

C. P. GUARD, for appellee.

ENGLISH, JUDGE:

On the 6th day of December, 1898, George F. Powell was appointed committee of William P. Kemble who had been adjudged a lunatic, and who was the owner in fee of a tract of land situated on the Valley River, in Taylor County, which tract was assessed in the name of A. Payne and William P. Kemble, and was returned delinquent for the non-payment of taxes for the year 1896 in the name of said Payne and Kemble.

Some time in the month of December, 1897, after Kemble had been adjudged a lunatic, this land was sold for taxes by the sheriff of Taylor County, at which sale one J. H. Smallwood became the purchaser and on December 14, 1898, the clerk of the county court executed a deed for said land to Smallwood.

George F. Powell as a committee of said Kemble made an

effort to redeem said land by tendering to Smallwood the sum of twenty-five dollars in payment of said taxes and for the redemption of said land, which sum was in excess of the taxes, interest, etc., but the offer was declined.

At the October rules, 1899, said Powell filed his bill in the circuit court setting forth these facts, also tendering said sum in court, and charging therein that he had a right at any time during the disability of Kemble to redeem said land; that the value of the land consists in its timber; that Smallwood is insolvent, and has threatened and commenced to cut said timber; that said tax title or deed constitutes a cloud upon the title of his ward; and alleging that he is without complete and adequate remedy; praying for an injunction to restrain said Smallwood from cutting or removing any of said timber; that said tax deed might be cancelled; and for general relief.

The bill was demurred to by Smallwood, and the demurrer was sustained, and said Powell as such committee obtained this appeal.

The question here presented is whether the committee of an insane person can redeem the land of such lunatic which has been sold for taxes during the period of his ward's insanity.

The duties of the committee of an insane person are prescribed thus in section 37, chapter 58 of the Code: "The committee of an insane person shall be entitled to the custody and control of his person (when he resides in the State and is not confined in another hospital or jail) shall take possession of his estate, and may sue and be sued in respect thereto, and for the recovery of debts due to or from the insane person. He shall take care and preserve such estate and manage it to the best advantage." And section 15 of chapter 31 provides that "the owner of any real estate so sold * * * * may redeem the same by paying to the purchaser, etc."

In *Poling* v. *Parsons,* 38 W. Va. 80, this Court held that "Statutes allowing redemption of lands sold for taxes must be literally construed in favor of persons entitled to redeem."

As we have seen the committee of an insane person is authorized by statute to preserve his estate and manage it to the best advantage. This end surely would not be subserved by allowing such estate to be sold for taxes, and making no effort to redeem it.

It is true section 30, chapter 31 of the Code, extends the time

within which an insane person may redeem his land sold for taxes to a period of one year after the disability has been removed. This section, however, does not confer any additional rights upon such insane person; it merely elongates the period within which the redemption may be made.

Under a similar statute in Indiana which allows a married woman to redeem her lands within two years after the expiration of her disability, it was held in *Ethel* v. *Batchelder,* 90 Ind. 520, that "said statute gave her no additional rights in relation to such redemption."

In *Strang* v. *Burris et al,* 61 Iowa, it was held that "a minor or his next friend or guardian had during his minority the undoubted right to redeem his property from a sale for taxes."

"The statutes give an additional time to redeem, grant an additional privilege, and do not take away the right to redeem during the continuance of the disability." 25 Enc. of Law, 420.

Under a statute in Iowa extending the period within which a minor may redeem lands sold for taxes one year after the disability was removed it was held in *Witt, Guardian,* v. *Mewhirter,* 72 Iowa 545, that said statute does not limit the time within which the right of redemption attaches, but prescribes its duration.

In 27 Minn. 97, under a statute which provides that "Minors, insane persons, idiots, etc. * * * * having an estate in or lien on lands sold for taxes, may redeem the same within two years after such disability shall 'cease", it was held that the right to redeem by persons under the disabilities therein mentioned is not suspended during the disability." See also *Plumb* v. *Robinson and Wife,* 13 Ohio State, 298.

The authorities quoted seem to give a reasonable and proper construction of the statutes in question, and in view of the facts presented by the record in this case, George Powell, the committee of William P. Kemble, an insane person, had the right to redeem the lands of said insane person during his disability, upon compliance with the requirements of the statute providing for the redemption of lands which have been sold for taxes.

For these reasons I hold that the circuit court erred in dismissing the plaintiff's bill on demurrer. The decree is reversed and the cause remanded.

*Reversed.*