STATE OF IOWA v. G. C. JAMESON AND W. C. CRONE, Appellants.

Indictment: DUPLICITY: *False weights.* An indictment charging that defendants on a certain day, and from thence to the finding of the indictment, were engaged in buying and selling cattle, and, with intent to defraud, kept in their scale house false weights for weighing cattle purchased, which caused such cattle to appear of less than the true weight, and that during such time they, with intent to defraud divers citizens of the state, to the grand jury unknown, purchased of divers citizens divers cattle, and did unlawfully, and with intent to defraud said divers citizens, weigh said cattle so purchased with the said false weights, contrary to and in violation of law, does not charge a single offense, and is demurrable, under Code, section 5284, providing that an indictment must charge but one offense.

*Appeal from Franklin District Court.*—HON. S. M. WEAVER Judge.,

MONDAY, MAY 26, 1902.

DEFENDANTS were convicted of the crime of defrauding by the use of false weights, as described in Code, section 5044, and appeal from the judgment against them.— *Reversed.*

*Taylor & Evans* for appellants.

*C. W. Mullen,* Attorney General, JOHN Y. LUKE and *E. P. Andrews* for the state.

McCLAIN, J.—The indictment was in the following language: "The said G. C. Jameson and W. C. Crone on the twenty-first day of October in the year of our Lord one thousand eight hundred and ninety-eight, in the county of Franklin and state of Iowa, and from thence to the finding

of the indictment, were engaged in the business of buying and selling hogs and cattle, and did unlawfully, deceitfully, and fraudulently, and with intent to defraud, keep in their scale house, in said county and state, false weights for weighing cattle and hogs by them purchased, which caused the said cattle and hogs to appear of less weight, to wit, of the lesser weight, by from ten to two hundred pounds in every one thousand pounds of cattle and hogs weighed, than the real and true weight thereof, the exact lesser weight as aforesaid being unknown to the grand jury, and during said time did then and there, knowingly, unlawfully, and deceitfully, and with intent to defraud divers citizens of this state, which divers citizens are to the grand jury unknown, purchase of divers citizens of this state divers cattle and hogs, and did unlawfully, knowingly, and with intent to defraud said divers citizens, weigh said cattle and hogs so purchased with the said false weights, contrary to and in violation of law.''    Defendants demurred to the indictment on the grounds that it was not direct and certain as to the offense charged, in that it did not set forth the particular circumstances necessary to constitute a complete offense, and that it charged more than one offense; and they raised the same objections again by motion in arrest of judgment. The demurrer and motion were overruled, and error is assigned on the rulings.    A previous indictment against these parties and others for the same crime was held not sufficient in *State v. Jameson*, 110 Iowa, 337, and subsequently to the announcement of the opinion in that case the present indictment was found by the grand jury.

The indictment, as a whole, seems to be based upon a form found in 1 Wharton Procedure 499, and in Bishop Directions & Forms, section 273. But the concluding portion, which we are now considering, differs from the form followed, in this: that in the latter it is charged that defendant ''knowingly, willfully, and fraudulently sold to

one X, certain goods, to wit: a large quantity of sugar weighed in and by the said false scales as and for twenty pounds' weight of sugar, whereas, in truth and in fact, the weight of the sugar so sold and falsely weighed as aforesaid was short and deficient of the said weight of twenty pounds, to wit, by one-eighth part of the said weight of twenty pounds,'' thus charging specifically the very act constituting the fraud, to wit, the act of selling the sugar as of the weight of twenty pounds, when, by reason of the use of the false scales, it was not of that weight, while in the indictment before us it is not charged that defendants bought the cattle as of a certain weight, fraudulently representing by means of the use of the false scales that they were of less than their real weight, and defrauded the purchasers into accepting a less amount in payment therefor on account of such false weighing, or anything of the kind. All that is alleged is that defendants purchased divers cattle and hogs, and, with intent to defraud, weighed said cattle and hogs with the said false weights, without, by averment, connecting in any way the false weighing with the purchase. It would have been perfectly simple to have shown by some averment the connection between the two acts. If they were not in some way connected, no fraud was committed, however much fraud may have been intended. While it is true, as stated in *State v. Porter*, 105 Iowa, 677, that, where the indictment includes the language of the statute, it is sufficient if it so far individuates the offense that the offender has proper notice from the statutory terms of the particular crime charged, yet this indictment simply alleges the weighing of cattle and hogs with false weights, with intent to defraud, without pointing out the means or method by which the fraud was to be committed. Some of us are not prepared to hold that the mere general allegation of the weighing of goods with false weights, with intent to defraud, charges a crime with requisite certainty.

It is not necessary, however, to decide this question, for we find the indictment to be fatally defective in another respect. It was held on the former appeal in this case that the offense is not a continuing one (*State v. Jameson,* 110 Iowa, 337), and therefore the charge should have been for one act, and, if the indictment charges several criminal acts, it is open to the objection of duplicity. Code, section 5284. Notwithstanding the suggestion on the former appeal that the state should not be allowed to rely on more than one criminal act as constituting the offense, the amended indictment carries out in the added clause the idea suggested by the first two clauses, which were held insufficient,—that defendants continuously used false weights in the purchase of cattle and hogs; for after the allegation that defendants "during said time did then and there, knowingly, unlawfully, and deceitfully, and with intent to defraud divers citizens of this state, which divers citizens are to the grand jury unknown, purchase of divers citizens of this state divers cattle and hogs," it alleges that defendants "did unlawfully, knowingly, and with intent to defraud said divers citizens, weigh said cattle and hogs so purchased with the said false weights, contrary to and in violation of law." If this indictment does not charge a continuing offense (that is, a succession of wrongful acts of the character described), then it is difficult to see how a continuing offense could be described. It is only by the most forced and unnatural construction that it can be inferred that the indictment charges the purchase of one lot of animals, consisting of cattle and hogs, from the owners thereof, and weighing of such lot of animals at one time with false weights. The defendants are not advised that they are charged with one specific act of false weighing. It is true that on the trial of the case the court required the state to confine its evidence to one transaction, but the defect inheres in the indictment itself, and was properly raised by demurrer, and the demurrer should have been sustained. The case must be remanded.—REVERSED.