# CHARLESTON.

### KEMBLE'S COMMITTEE *v.* SMALLWOOD
### KEMBLE'S ADMINISTRATOR *v.* SMALLWOOD *et al.*

Submitted June 16, 1904.   Decided December 6, 1904.

1.   SYLLABUS APPROVED.
      Syllabus in *Reger* v. *Gall,* 54 W. Va. 373, approved and applied.   (p. 355).

Appeal from Circuit Court, Taylor County.

Bill by Kemble's committee against W. P. Smallwood, and by W. P. Kemble, administrator, against J. H. Smallwood and others.   Decree for defendants, and plaintiffs appeal.

*Reversed.*

A. W. BURDETT, for appellants.

C. P. GUARD, and J. G. SINCLAIR, for appellees.

MILLER, JUDGE:

On the 6th day of December, 1898, George F. Powell was appointed committee of William P. Kemble who had been adjudged a lunatic, and who was the owner in fee of a tract of land situated on the Valley River, in Taylor county, which tract was assessed in the name of A. Payne and William P. Kemble, and was returned delinquent for the non-payment of taxes for the year 1896 in the name of said Payne and Kemble.

Some time in the month of December, 1897, after Kemble had been adjudged a lunatic, this land was sold for taxes by the sheriff of Taylor county, at which sale one J. T. Smallwood became the purchaser and on December 14, 1898, the clerk of the county court executed a deed for said land to Smallwood.

George F. Powell as the committee of said Kemble made an effort to redeem said land by tendering to Smallwood the sum of twenty-five dollars in payment of said taxes and for the redemption of said land, which sum was in excess of the taxes, interest, etc., but the offer was declined.

At the October rules, 1899, said Powell filed his bill in the circuit court setting forth these facts, also tendering said sum in court, and charging therein that he had a right at any time during the disability of Kemble to redeem said land; that the value of the land consists in its timber; that Smallwood is insolvent, and has threatened and commenced to cut said timber; that said tax title or deed constitutes a cloud upon the title of his ward; and alleging that he is without complete and adequate remedy; praying for an injunction to restrain said Smallwood from cutting or removing any of said timber; that said tax deed might be cancelled; and for general relief.

The bill was demurred to by Smallwood, and the demurrer was sustained, and said Powell as such committee obtained an appeal.

The question presented upon that appeal was, whether the committee of an insane person, during the period of his insanity, could redeem the land of such lunatic, which had been sold for taxes delinquent thereon.

This Court reversed the decree of the circuit court, which,

in effect, denied that right, and remanded the cause. In its opinion, the court said: "And in view of the facts presented by the record in this case, George Powell, the committee of William R. Kemble, an insane person, had the right to redeem the lands of said insane person during his disability, upon compliance with the requirements of the statute providing for the redemption of lands which have been sold for taxes." *Powell* v. *Smallwood*, 48 W. Va. 298.

On the 28th day of December, 1899, Kemble having been restored to sanity, was discharged from custody in the Hospital for the Insane at Weston, where he had been confined, and was given a certificate thereof by the examining board, in accordance with Code, chapter 58, section 25. On the 12th day of January, 1900, he, through his attorney, A. W. Burdett, tendered to Smallwood, thirty dollars, for the purpose of redeeming the land, which sum Smallwood refused to accept. About the first of March, 1900, Kemble died testate, and his last will and testament was, on the 6th day of the same month duly probated and admitted to record in the office of the clerk of the county court of Taylor county. In and by his will he devised and bequeathed all of his property, both real and personal, to Virginia Linch and Francis Marion Kemble, his sister and brother, respectively, to belong to them in common, during the lifetime of Virginia, but, at her death, to go to Francis Marion to be disposed of by him as he might desire. Francis Marion Kemble was named in the will as executor thereof, and, at the time of its probate, qualified as such, and assumed his duties thereunder. At the December rules, 1900, said Francis Marion Kemble, as executor and devisee, and Virginia Linch, as devisee, filed their bill against Smallwood in the circuit court of the county aforesaid, in which they allege the insanity of their testator; his committment to the Hospital for the insane; his restoration to sanity, and discharge from the hospital; his ownership in fee of the land; its assessment with taxes in the name of A. Payne, and W. A. Kemble for the year 1896; its delinquency and sale to Smallwood in December, 1897, for the non-payment of said taxes; and the execution of a deed by the clerk of the county court to Smallwood therefor. They further allege various irregularities and defects in said sale and deed, and charge that the deed is void. They set out

specifically the several items and sums, legally requisite to redeem the land from Smallwood, which sums, as stated, amounted to only $24.95, at the time the tender of thirty dollars was made by testator's attorney as aforesaid. They also aver and show that as heirs and devisees of William P. Kemble, deceased, they, within one year next after his restoration to sanity as aforesaid, also tendered to Smallwood thirty dollars for the purpose of redeeming the land, which sum was largely in excess of the amount then legally due to him, but which Smallwood also refused to accept; and that he has refused and still refuses to accept any amount from either William P. Kemble, in his lifetime, or from plaintiffs since his death for the redemption of said real estate. The bill prays for an injunction against Smallwood; that an account be taken to ascertain the amount, if anything, which plaintiffs may be required to pay to defendant to redeem the land; that the thirty dollars tendered by them with their bill be held by the court until such amount may be properly ascertained as aforesaid; that said real estate be conveyed to them as devisees under the will; and for general relief.

Francis Marion Kemble, having departed this life, one L. Dudley was, on the 17th day of November, 1900, appointed and qualified as administrator *de bonis non* with the will annexed of said William P. Kemble, deceased, and, at the January term, 1901, of the court, the cause was revived and ordered to be prosecuted to final decree, in the name of Dudley, administrator as aforesaid.

At the September term, 1901, an order was made and entered by the court which recites that "these two causes came on this day to be further heard upon process duly executed on the defendant; cause regularly matured; bill and exhibits filed; decree *nisi*; and bill taken for confessed as to first styled cause, former orders and decrees in the second," etc. There is no caption or other mark of identification directly connecting this order with the above styled causes, or either of them, but upon examination of the whole record, we are satisfied that it refers to the causes of *Powell, Com.,* v. *Smallwood, supra,* and the suit now under consideration.

Smallwood answered the bill, filed in the second suit, and, in his answer, denies that William P. Kemble, at the time of his commitment to the hospital, was the owner in fee of the tract

of land in the bill described and avers that Kemble was only joint owner thereof with one Amos Payne; denies that Kemble was restored to sanity, or finally discharged from the hospital, and calls for full proof thereof; denies that there are any irregularities in the proceedings of the sheriff, relating to, or connected with, the sale of the land to respondent, which will vitiate the deed therefor to him; denies that Kemble, the decedent, his attorney, committee, or the alleged devisees ever tendered to respondent "A sum sufficient to entitle them in law to a redemption of the land, before the institution of the suit or since; but, on the contrary, avers that the sums necessarily expended by him on account of said land amounted to thirty dollars, including the interest thereon alone, without taking into considration the improvemnets." He avers that he had improved the land "prior to said pretended tenders, to the value of at least fifty dollars;" but he does not deny that he had refused and still refused to accept any amount from either William P. Kemble, or the plaintiffs, for the redemption of said real estate. No replication to this answer was filed. At the January term, 1902, another decree was made and entered in which it is stated that "These causes came on this day to be heard together, the first named upon the papers heretofore read, former orders herein, upon process duly executed; upon defendant's bill filed and exhibits therewith, the demurrer of defendant thereto sustained in which demurrer plaintiff joined and upon the mandate and order of the Supreme Court of Appeals entered at a special term of said Court on the 24th day of November, 1900; and the last named cause upon process duly executed upon the defendant, cause regularly matured at Rules, bill filed and exhibits, demurrer of defendant thereto overruled, the answer of defendant thereto filed, the depositions on behalf of plaintiff filed and read, both causes set for hearing together, and was argued by counsel. Upon consideration whereof the court is of opinion that these causes are for the defendant, and that the plaintiffs should therefore take nothing by their said suits. And it is accordingly adjudged, ordered and decreed that these causes be dismissed, and it is further adjudged, ordered and decreed that the plaintiffs in said causes do pay to the defendant his costs about his defense to said suits in this behalf expended." From that decree, this appeal was allowed.

The bill in the first mentioned cause was by this Court held to be sufficient, and that it presented such facts as entitled Powell, as committee, to redeem the land in controversy, during the disability of Kemble "upon compliance with the requirements of the statute." Powell, in his bill, alleges a tender of twenty-five dollars to defendant, in payment of the taxes, which sum he charges to have been in excess of the taxes, interest," etc., then due. This allegation is not denied by an answer, but, as shown by the record, is taken to be true. The answer of defendant to the second bill, in effect, admits the tenders as alleged, and does not deny the material allegations that respondent had refused, and still refuses, to accept any sum in redemption of the land. These allegations, not denied, must also be taken as true.

Before the final decree was made in the causes as aforesaid, it was brought to the attention of the court by the record that, after the instituion of the first suit by Powell, as committee, Kemble had been restored to sanity, had afterwards died testate, leaving devisees of the land in controversy, and that one of those devisees was then dead. In whom his interest in the land vested, the court is not informed. In *Straight* v. *Ice,* decided at the present term, the Court, in construing section 4 of chapter 127 of the Code, says: "Under this (section), if a lunatic should become sane, whereby the powers of his committee would cease, a revival could be had for, or against, the former lunatic." Therefore, the first suit could have been revived in the name of Kemble after his restoration to sanity. After his death, and before final decree, it should have been revived in the name of the devisee then living, and also in the names of the heirs or devisees, according to the facts, of the deceased devisee. In the second suit the death of Francis Marion Kemble is suggested. Whether he died testate or intestate, does not appear. No revival of that cause was had, except in the name of L. Dudley, administrator *de bonis non,* as above stated. Why this was done, we cannot understand. In *Reger* v. *Gall,* 54 W. Va. 373, it is held that, "if, in any way, it be shown by the record that the final decree was rendered in the absence of necessary parties, such decree will be reversed, and the cause remanded in order that proper parties may be made." *Gallatin L. Co.* v. *Davis, et al.,* 44 W. Va. 109.

The final decree made in these suits, in their then plight, was and is plainly erroneous. The decree must therefore be reversed, and the causes remanded, for such other and further proceedings to be had therein as are and may be essential to a ·proper adjudication thereof.

*Reversed.*