STATE OF IOWA, Appellant, v. JOHN H. McCARTY, Appellee.

**INDICTMENT AND INFORMATION:** Duplicity—Fraudulent Banking.
In a prosecution for receiving bank deposits with knowledge of the
bank's insolvency, separate and distinct deposits by separate and
distinct individuals may not be charged, even in separate counts.
(Sec. 13737, Code of 1924.)

Headnote 1: 31 C. J. p. 783.

*Appeal from Van Buren District Court.*—F. M. HUNTER, Judge.

JUNE 21, 1926.

A demurrer to the indictment was sustained, and the State
appeals.—*Affirmed.*

*Ben J. Gibson,* Attorney-general, *Emily L. Newbold,* County
Attorney, and *G. R. Buckles,* for appellant.

*Jones & White* and *Robert R. McBeth,* for appellee.

VERMILION, J.—The indictment charged the defendant
with the crime defined in Sections 9279 and 9280 of the Code
of 1924. The act so defined by these statutes as a crime, briefly
stated, is the receiving or accepting as a deposit, any money,
or its equivalent, as specified in the statute, by any banker or
officer of a bank when the bank is insolvent, and that fact is
known to such banker or officer. The indictment is, in part,
as follows:

"The said John H. McCarty, on or about the 23d day of
September, A. D. 1922, in the county of Van Buren aforesaid.

"Count 1. That said John H. McCarty, being then and
there engaged in banking business as president of Stockport
Savings Bank, at Stockport, Van Buren County, Iowa, which
said bank was then and there insolvent, the said John H.
McCarty did then and there, knowing such insolvency, know-
ingly accept, receive, and permit to be accepted and received
on deposit in said bank a deposit made by Smith Bros., of

checks amounting to $109.20, at said bank at Stockport, Van Buren County, Iowa.''

There are four other counts in the indictment, identical in language with Count 1, except that in each a different depositor is named, and the amount deposited is different.

The ground of the demurrer was that the indictment charged more than one offense.

Section 13737, Code of 1924, provides that:

''The indictment must charge but one offense, but it may be charged in different forms, to meet the testimony, and, if it may have been committed in different modes and by different means, may allege the modes and means in the alternative.''

The offense in question bears no analogy to a conspiracy, where one or more overt acts may be charged. Section 13902, Code of 1924. While the offense is frequently referred to as ''fraudulent banking,'' it is not a continuing one, as keeping a nuisance or a house of ill fame, but each act of receiving a deposit under the circumstances specified in the statute constitutes a separate offense.

The indictment charged the defendant with receiving five separate deposits of different amounts from as many different individuals. There is no charge—if such a thing were possible— that they were received in one transaction. It does not charge one offense as having been committed in different forms or by different means, as is permitted by Section 13737, but five distinct, unconnected, and unrelated acts and transactions are charged. If the act set out in each count had been charged in a separate indictment, a conviction or acquittal on one indictment would not have been a bar to prosecution under the others.

It seems too plain to require extended discussion that the indictment charged more than one offense, in contravention of Section 13737.

We have been cited to no authority, and our own investigation has disclosed none, where even a suggestion is to be found that, under statutory requirements such as ours, the receipt of separate and distinct deposits from different depositors can be charged in one indictment.

The demurrer was properly sustained, and the judgment is—*Affirmed.*

DE GRAFF, C. J., and STEVENS and FAVILLE, JJ., concur.