STATE OF IOWA, appellee, v. RICHARD A. GILLILAND, appellant.

## No. 50069.

(Reported in 108 N.W.2d 74)

MARCH 7, 1961.

C. J. Lambert, of Sigourney, and Life, Davis & Life, of Oskaloosa, for appellant.

Norman A. Erbe, Attorney General, Marion R. Neely and George E. Wright, Assistant Attorneys General, and Charles H. Scholz, Mahaska County Attorney, for appellee.

THOMPSON, J.—On June 5, 1959, the defendant was charged by a county attorney's information, in three counts, with three separate offenses of offering beer to a minor, in violation of section 124.20 of the 1958 Code of Iowa. The first count charged beer was offered to Raymond G. Clark, Jr.; the second, to Dorothy Abbott; and the third to Sharon Graham. Upon trial the defendant was convicted by jury verdict on each count. Motion for new trial was denied, and judgments and sentences entered on the verdict. From these judgments the defendant appeals.

The defendant assigns five errors relied on for reversal. We shall state them as we discuss them. Since we think the

666

first and fourth are closely related they will be considered together in the division immediately following.

█ I. The first assigned error is that the court denied defendant's demurrer to the information, which should have been sustained because three separate and distinct crimes were charged. The fourth error is predicated on the trial court's refusal to require the State to elect on which count it would rely, and to dismiss the other two.

The defendant cites and relies upon Code sections 773.35 and 773.36. In substance, section 773.35 says that an indictment must charge but one offense; section 773.36 qualifies this by permitting several offenses to be charged when all arose out of the same transaction. It cannot be questioned that the information in the instant case charges three separate offenses, and that they did not arise out of the same transaction. The State does not otherwise contend.

But it directs our attention to section 126.8, in chapter 126, which in turn is a part of Title VI of the Code, relating to alcoholic beverages. We quote this section: "126.8 Counts. Informations or indictments under this title may allege any number of violations of its provisions by the same party, but the several charges must be set out in separate counts, and the accused may be convicted and punished upon each one as on separate informations or indictments, and a separate judgment shall be rendered on each count under which there is a finding of guilty." This section is an exception to the general rule laid down by sections 773.35 and 773.36, supra. It has been a part of our Codes, in substance, since 1851.

In State v. Walters, 5 (Cole) Iowa 506, 508, an indictment was returned in two counts and objection was made that it charged two separate offenses. We said: "Under the sixth section of the last named act [for the suppression of intemperance], an indictment may allege any number of violations of its provisions by the same defendant, in different counts, and the party charged may be convicted and punished for each violation so alleged, as on separate indictments, and a separate judgment entered on each count."

To the same effect is Jackson v. Boyd, 53 Iowa 536, 537,

538, 5 N.W. 734, 735. This was a habeas corpus proceeding. The petitioner had been charged and convicted under a complaint which alleged six different violations of the intoxicating liquor ordinances of the town of Eldora. After citing the rule that the town might enact ordinances not inconsistent with the laws of the State, we said: "Section 1540 of the Code [now section 126.8, supra] provides that any number of violations of the prohibitory liquor law may be included in the same information or indictment. The ordinance is not inconsistent with the law of the State, but is in accord therewith both in letter and spirit."

State v. Leasman, 208 Iowa 851, 857, 226 N.W. 61, 63, cited and relied upon by the defendant, contains a statement, by way of dictum, which supports the State's position here. The Leasman case is not in point, because it did not concern a prosecution under the alcoholic beverages title of the Code. The charges there were for burglary and larceny, in separate counts. In discussing this the court distinguished prosecutions under the then section 1953, now section 126.8, supra, in this language: "Under Section 1953 of the Code, indictments for such offenses [violations of the intoxicating liquor laws] may allege any number of violations by the same party in separate counts, and the accused may be convicted and punished upon each one, as on separate informations or indictments."

The defendant cites, in addition to the Leasman case, supra, State v. McCarty, 202 Iowa 162, 209 N.W. 288; State v. Schuler, 109 Iowa 111, 80 N.W. 213; and State v. Jameson, 117 Iowa 312, 90 N.W. 622. With the exception of State v. Schuler, none of these charged violations of the intoxicating liquor laws. They are not in point. In the Schuler case, the charge, in two counts, was held bad for duplicity. But this concerned the first count of the indictment. We said that under it the defendant might have been convicted of maintaining a liquor nuisance in any place in Howard County, and so charged more than one offense in the same count. This, of course, was duplicitous; but it does not apply to the situation here, where the offenses were alleged in three separate counts.

It appears that, if the State had the right, as we have held

above, to charge three different offenses in three separate counts, and that the defendant might be convicted and punished on each, the court properly denied the motion to require the State to elect on which count it would proceed. Any other holding would deny the State the right given it by section 126.8, supra. The defendant at this point relies upon State v. Von Haltschuherr, 72 Iowa 541, 34 N.W. 323. Here there were thirty counts in the indictment, each charging the sale of intoxicating liquors contrary to law. The 1st, 29th and 30th counts described specific persons to whom it was alleged sales were made; but the other 27 counts each charged sales "to a person whose name is unknown to affiant." We said a demurrer to Counts Nos. 3 to 28 inclusive should have been sustained, because they would all be supported by the same evidence as Count 2, and there was nothing in the language of these counts to show the offense intended to be charged was a different one from that charged in any of the others, except for Counts 1, 29 and 30 which named specific persons. We do not find this case in any way in point here; in fact, it contains dictum which seems to recognize the right of the State to charge separate offenses in separate counts; and the demurrer was held good because many of the counts charged the same offense.

II. Assigned errors Nos. 2 and 3 are closely related, and will be discussed together. It appears that, the trial being set for Tuesday, January 5, the county attorney on January 4 served notice on the defendant that he desired to use the evidence of Lorraine Graham Robbins, the mother of Sharon Graham, one of the minors to whom the defendant was accused of offering beer. On January 3 the county attorney had filed an application for permission to use this testimony. The application was made in accordance with Code sections 780.10 to 780.13 inclusive and was supported by the affidavit of the county attorney showing that he had not known of the availability of the witness or what she would testify to until after 3 p.m. on January 2, and had not had an opportunity to interview the witness and learn accurately what the substance of her testimony would be until after 3 p.m. on January 3, which was Sunday. That on the first business day thereafter, January 4, he caused notice

of the proposed additional testimony to be served on defendant's attorney.

The application was heard on the morning of January 5, prior to the commencement of the trial, and the court heard the oral resistance of the defendant and arguments of the opposing counsel. The court then found that due diligence had been shown by the county attorney, and ordered that the witness be permitted to testify, within the limits of the application. The county attorney thereupon inquired whether defendant, through his counsel, elected to have the cause continued as provided by section 780.12. Mr. Scholz, the county attorney, then said: "Do you want the record to show that you make no election at this time, that you make no election?" Mr. Lambert, defendant's counsel, replied: "I'm not doing anything." The Court: "Let the record show that defendant's counsel makes no election under section 780.12, Code of Iowa, 1958." Mr. Lambert: "But reserves the right to object to the witness being heard at this time."

██ Assigned error No. 2 is that the court was in error in granting the motion to introduce additional testimony, for the reason that due diligence was not shown by the State and county attorney as required by section 780.11. The affidavit of the county attorney showed that he had not known of the availability of the witness or what her testimony might be until late on January 2 and on January 3; and that he filed his application and served notice on defendant's counsel promptly thereafter. Matters concerning due diligence are so much in the discretion of the trial court that we cannot say the ruling was improper. We will not interfere unless an abuse appears. State v. Arthur, 135 Iowa 48, 49, 109 N.W. 1083, 1084. Section 780.11, supra, says the showing of diligence necessary is "such as is required in a motion for a continuance * * *." In State v. One Certain Automobile, 237 Iowa 1024, 1027, 23 N.W.2d 847, 849, we said: "A motion for continuance is addressed to the sound legal discretion of the trial court and we will not interfere with a ruling thereon unless it clearly and affirmatively appears there has been an abuse of such discretion and injustice thereby done." (Citations) With the same showing of due diligence required

670

under section 780.10 et seq., as applies to a motion for a continuance, we hold the same rule as to discretion of the trial court should also apply. There was here an ample showing to support the ruling of the court.

■■ The third assigned error is related to the second, discussed above. It is twofold, the parts being somewhat contradictory of each other. First it is complained that the court should have required of defendant's counsel a specific election as to a continuance; and next that defendant did, in effect, ask a continuance. Section 780.12 is specific on the point: "If the court sustains said motion [to introduce additional testimony], the defendant shall elect whether said cause shall be continued on his motion, or the witness shall then testify."

Defendant's counsel, after being advised by the county attorney of his right to a continuance and then asked whether he wished the record to show that he made no election at that time, said: "I'm not doing anything." This was clearly a refusal to ask a continuance and brought the final phrase of the section, "* * * or the witness shall then testify" into play. A continuance was available to the defendant; it was his legal right under the statute. But it was his duty to ask it, and this he did not do, and he cannot now complain. His statement "But reserves the right to object to the witness being heard at this time", which he now contends should have been construed by the court as a request for a continuance, did not have that effect. He did not state the grounds upon which he would object. At this point he seems to have been attempting to have his cake and eat it. He had refused, when asked, to move for a continuance; he apparently was willing for the trial to proceed; but now that it has resulted adversely to him he asks us to hold his reservation of the right to object to the witness upon unspecified grounds was in fact such a motion. We cannot so construe it.

■■ III. The last error assigned is based upon a ruling of the court which struck from the record an answer to a question as to defendant's whereabouts on the day of the alleged commission of the crimes charged in the three counts of the information. All alleged the same date, April 25, 1959. The

defendant was asked: "And where were you in the afternoon of the 25th day of April, 1959?" The answer, which was stricken on motion of the State, was "I was in Cedar Rapids."

No notice of intention to claim the defense of alibi was given as required by section 777.18 of the Code of 1958. A thorough discussion of the meaning of the term "alibi" is found in State v. Dunne, 234 Iowa 1185, 1191, 1192, 15 N.W.2d 296, 300. The defendant in the case at bar was permitted to say that he was not in Oskaloosa, the locus of the crime according to the State's witnesses, on April 25, 1959. This was properly admitted; it countered the State's evidence.

However, we shall not go further into the question. The record, as amended by the State, shows that at other points in his testimony the defendant said he was in Cedar Rapids on the vital date, and some of these answers were not stricken. Under these circumstances no prejudicial error appears. Kuiken v. Garrett, 243 Iowa 785, 804, 51 N.W.2d 149, 160, 41 A. L. R.2d 1397, 1412.

We have examined the entire record, as required by section 793.18 of the Code, and find no prejudicial error.—Affirmed.

All JUSTICES concur.