**STATE of Iowa, Appellee,**

v.

**Tim SEVCIK, Appellant.**

**No. 2–58440.**

Supreme Court of Iowa.

March 17, 1976.

Pat W. Brooks and Curtis A. Ward, of Mowry, Irvine & Brooks, Marshalltown, for appellant.

Richard C. Turner, Atty. Gen., Earl W. Roberts, Jr., Asst. Atty. Gen. and Jared O. Bauch, County Atty., for appellee.

Heard by MOORE, C. J., and RAWLINGS, UHLENHOPP, REYNOLDSON and McCORMICK, JJ.

RAWLINGS, Justice.

Defendant appeals from judgment on jury verdict finding him guilty of assault with intent to inflict great bodily injury in violation of Section 694.6, The Code 1973. We affirm.

March 7, 1975, Sevcik was charged by county attorney's information. Attendant circumstances are not material to this appeal.

Trial was scheduled to commence Monday, April 21, 1975. Wednesday (April 16), the prosecutor served upon defendant a "Notice of Additional Witnesses", having inadvertently failed to earlier do so. The giving of such notice is required by § 780.-10, which provides in pertinent part:

"The county attorney * * * shall not be permitted to introduce any witness * * * unless he shall have given to the

defendant, or his attorney of record if the defendant be not found within the county, a notice in writing stating the name, place of residence, and occupation of such witness, and the substance of what he expects to prove by him on the trial, *at least four days before the commencement of such trial.*" (emphasis supplied).

The case proceeded to trial, as scheduled. Following introduction of complainant's evidence the State manifested an intention to call witnesses named in the aforesaid notice. Defendant moved they be excluded. This motion was sustained upon the premise the requisite four days' notice had not been given. See Code §§ 780.10, *supra,* and 4.1(23) [now § 4.1(22), The Code 1975]. The latter enactment says, to the extent here relevant: "In computing time, the first day shall be excluded and the last included, unless the last falls on Sunday, in which case the time prescribed shall be extended so as to include the whole of the following Monday * * *."

Still desiring to introduce evidence via challenged witnesses the county attorney renewed his request and in so doing then invoked § 780.11. It states:

"Whenever the county attorney desires to introduce evidence to support the indictment, *of which he shall not have given said four days notice because of insufficient time therefor since he learned said evidence could be obtained,* he may move the court for leave to introduce such evidence, giving the same particulars as in the former case [§ 780.10], *and showing diligence such as is required in a motion for a continuance,* supported by affidavit." (emphasis supplied).

Over defendant's resistance trial court granted the State's motion. Defendant's attorney was then appropriately asked whether a continuance was desired as permitted by § 780.12. It declares: "If the court sustains said motion, the defendant *shall elect* whether said cause shall be continued on his motion, or the witness shall then testify." (emphasis supplied). In de-clining the proffer, defense counsel stated, "The defendant will not move for a continuance. I don't think he has to and he won't. Just proceed and see what happens from there."

Trial resumed, the additional witnesses testified, and a guilty verdict was ultimately returned.

Defendant then unsuccessfully moved for a new trial, alleging the State's § 780.11 motion, *supra,* was erroneously sustained. He here voices the same argument.

Three related inquiries are facially presented. In brief, we are asked to resolve these questions:

(1) Did defendant receive timely notice of the additional witnesses' testimony, pursuant to §§ 780.10 and 4.1(23), both quoted above?

(2) Did trial court erroneously sustain the State's § 780.11 motion for leave to introduce the controverted testimony?

(3) Even if the State's § 780.11 motion was erroneously sustained, did defendant waive such error by refusing a continuance, provided by § 780.12?

We are satisfied this third question must be answered in the affirmative and such is dispositive. Consequently, other issues above raised are not reached.

I. In *State v. Kidd,* 89 Iowa 54, 60–61, 56 N.W. 263, 265 (1893), this court thus explained the forerunner of §§ 780.10–780.-13:

"The evident purpose of these provisions is to inform the defendant in time to enable him to prepare to defend against * * * the witnesses and evidence by which he will be confronted. If he permits a witness to be examined without objection who was not before the grand jury, and for whose examination no notice was given or leave granted, he should not be heard to complain, for, by failing to object, he waived his right to notice and to time. When a motion for leave to examine a witness is filed, the defendant has the notice contemplated,

and when the leave is granted he has the election to take time or not. It is his privilege to elect to have the cause continued, thereby insuring to himself time to prepare to meet the proposed evidence. If he does not elect to take a continuance, he certainly should be held to have waived the time. The situation is not unlike what it would be if less than four days' notice had been given, and the defendant had failed to object to the examination of the witness. Whether the motion for leave is rightfully or wrongfully sustained, the only right given to the defendant is the election to continue the case."

Sevcik now asks that *Kidd* and its progeny be overruled. We are not so disposed.

Essentially, defendant contends trial court's holding impermissibly shifted to him the "burden" of seeking a continuance, even if the State was dilatory in giving notice of additional testimony. Assuming absence of shown diligence, he argues a § 780.11 motion could not be granted. More specifically, it is contended trial court "rescued the county attorney from his predicament" by sustaining the motion, leaving defense counsel only two alternatives: (1) proceed with trial, thereby waiving any alleged error in sustaining the State's motion, or (2) proceed with trial pursuant to § 780.12, thereby also waiving any alleged error. Thus says defendant, it is necessary to overrule *Kidd* in order to render enforceable his "procedural rights" under §§ 780.10–780.13.

Although we are not insensitive to the preservation of error dilemma in which defendant found himself, it is evident he overlooks the salutary purpose of the four day notice rule, i. e., "to inform defendant of the witnesses against him and the substance of their testimony." See *State v. Bruno,* 204 N.W.2d 879, 886 (Iowa 1973).

Actually, Sevcik appears to interpret § 780.10 et seq. as an *exclusionary* mechanism. But these statutes do not prohibit the introduction of evidence under all circumstances. Rather, they procedurally relate to *timely* evidential notice. If the accused has no objection as to timeliness, all reason for preclusion falls. Thus, when defendant refused a continuance, as was his right under § 780.12, he effectively waived any objection to an untimely call of the additional witnesses.

II. Defendant also misconceives both the nature and extent of his "procedural rights". To say trial court's adverse ruling impermissibly shifted to him the "burden" to seek a continuance is patently unfounded. He had a statutory permissive *right,* not a prejudicial burden to have the case continued. The situation is comparable to that in *State v. Gilliland,* 252 Iowa 664, 108 N.W.2d 74 (1961). There, as here, trial court permitted the State to introduce evidence by witnesses whose names, expected testimony, etc. were communicated to defendant less than four days prior to trial. Upon granting the prosecution's § 780.11 motion, the defendant was informed of his right, under § 780.12, to benefit of a continuance. His attorney responded, "I'm not doing anything", but attempted to reserve "the right to object to the witness being heard at this time." 252 Iowa at 670, 108 N.W.2d at 77. In the instant case, as aforesaid, defense counsel stated, "Just proceed and see what happens from there". This language in *Gilliland,* 252 Iowa at 670, 108 N.W.2d at 78, is controlling:

> "A continuance was available to the defendant; it was his legal right under the statute. But it was his duty to ask it, and this he did not do, and he cannot now complain. * * *. At this point he seems to have been attempting to have his cake and eat it. He had refused, when asked, to move for a continuance; he apparently was willing for the trial to proceed * * *."

In other words, had Sevcik elected, when asked, to avail himself of the "procedural right" afforded by § 780.12, the alleged error he now says could not be preserved would have been avoided. Moreover, as *State v. Kidd, supra,* unequivocally holds,

defendant's *only* privilege was to elect a continuance "[w]hether the motion for leave is rightfully or wrongfully sustained * * * ." 89 Iowa at 61, 56 N.W. at 265. By refusing to accept the offered continuance, defendant waived any right to effectively resist the State's privilege to call and introduce evidence of the named additional witnesses.

AFFIRMED.

MOORE, C. J., and McCORMICK, J., concur.

UHLENHOPP and REYNOLDSON, JJ., concur specially.

UHLENHOPP, Justice (concurring specially).

I disagree with the basis given for the court's decision, but I agree with the result.

I. Section 780.11 of the Code provides:

Whenever the county attorney desires to introduce evidence to support the indictment, of which he shall not have given said four day's notice *because of insufficient time therefore since he learned said evidence could be obtained,* he may move the court for leave to introduce such evidence, giving the same particulars as in the former case [name, address, occupation, and substance of testimony], and *showing diligence such as is required in a motion for continuance,* supported by affidavit. (Italics added.)

Section 780.12 provides that if the court sustains the motion, the defendant shall elect whether to have a continuance or let the witness testify.

I think these sections contemplate that a defendant is only put to the election if the provisions of the two sections are met. Thus if the county attorney shows diligence in ascertaining witnesses but learns of a witness only within the four days, then he may successfully move and the defendant must elect. But if the county attorney does not show such diligence or does not learn of the witness only within the four days and

the court nonetheless grants the county attorney's motion, the court errs and cannot compel the defendant to waive the error.

Any other result repeals the provisions of diligence and late-learning of the existence of the witness—a trial court can simply disregard those requirements and force the defendant to waive the error although the county attorney was not diligent or in fact knew of the witness for weeks, as the record shows he knew here.

I can think of no other situation in which a court can disregard statutory requirements with no error resulting. I would overrule the decisions which hold that a court can do so in this situation.

II. Section 780.10 requires the county attorney to give the notice in question "at least four days before the commencement of the trial." Section 4.1(22) provides:

In computing time, the first day shall be excluded and the last [day] *included,* unless the last falls on Sunday, in which case the time prescribed shall be extended so as to *include* the whole of the following Monday . . . . (Italics added.)

In serving a notice under § 780.10, the first day, the day of service, is thus excluded, but the fourth day is included, and the notice is timely if trial begins on that included fourth day. *State v. King,* 225 N.W.2d 337 (Iowa). Hence service on Monday is timely if trial begins the fourth day hence, Friday; or service on Thursday is timely for trial beginning on the fourth day hence, Monday. *State v. Clark,* 145 Iowa 731, 122 N.W. 957.

Defendant contends, however, that service on Wednesday is only timely for trial beginning on Tuesday, the *sixth* day hence. Thus Monday is not included in his computation, and this notwithstanding the language of § 4.1(22) that the time shall include Monday. Defendant arrives at this conclusion from the words in § 4.1(22) which I have italicized: time "shall be extended so as to include *the whole of* the

following Monday . . . ." But those words do not say the whole of Monday is to be "excluded," as defendant would read them. The whole of the last day is normally included, unless it is a holiday, since the law ordinarily does not take notice of parts of days. *Thrasher v. Haynes,* 221 Iowa 1137, 264 N.W. 915 (quoting general rule). Thus service on Monday is timely for a trial beginning anytime on Friday. So service on Wednesday is timely for a trial beginning anytime on Monday.

The legislature probably placed "the whole of" in § 4.1(22) for the situation in which an act is to be done on that last day, such as entry of an appearance in an action. The legislature desired to make very clear that all day Monday is to be included—the person has all of Monday to enter his appearance. See *Bruce v. Pope,* 179 Iowa 1161, 162 N.W. 797.

Monday should not be excluded from the four-day computation under § 780.10. I would affirm on that basis.

REYNOLDSON, J., joins this special concurrence.