STATE OF IOWA V. CARL E. RUSSELL, Appellant.

Notice that Witness will be Used by State: SERVICE. Code, section
4421, provides that the state shall not introduce any witness who
was not examined before the grand jury, etc., unless the district
attorney shall have given "to the defendant" a notice in writing,
stating the name, place of residence, and occupation of said wit-
ness, etc. *Held*, that such notice must be served on defendant
personally, and service on his attorney is insufficient.

*Appeal from Boone District Court.*—HON. D. R. HIND-
MAN, Judge.

TUESDAY, OCTOBER 6, 1896.

INDICTMENT for rape. Verdict for an assault with
intent to commit rape, and the defendant appealed.—
*Reversed.*

*Jordan & Brockett* for appellant.

*Milton Remley*, attorney general, and *Jesse A. Mil-
ler* for the state.

GRANGER, J.—Dr. De Tar was called as a witness
for the state, and was objected to by the defendant
because his name was not indorsed on the indictment,
and the minutes of his testimony were not presented
with the indictment. The court permitted the exam-
ination on a showing that notice had been served on
defendant's attorney having charge of the case. The
following is a part of section 4421 of the Code: "The
district (county) attorney, in offering the evidence in
support of the indictment   *   *   *   shall not be per-
mitted to introduce any witness who was not exam-
ined before the grand jury, and the minutes of whose
testimony was not taken by the clerk of the grand

jury and presented with the indictment to the court, unless he shall have given to the defendant a notice in writing, stating the name, place of residence and occupation of said witness, and the substance of what he expects to prove by him on the trial, at least four days before the commencement of such trial.    * * *" Appellant urges that it was error to permit the witness to have been examined without notice having been given to the defendant, personally. It will be seen that the statute forbids the introduction of such witnesses unless the county attorney has given to the defendant notice in writing, etc. It is for us to say whether such a notice to the attorney for the defendant entitles the state to the same right. One reason urged in behalf of the state is that no prejudice resulted because of the service made; that, had the same service been made on the defendant personally, he would have taken the notice to his attorney. If we look only at what might be a good rule of law, we might concur. But, suppose the notice had not been in writing, but verbal, with even an affirmative showing of no prejudice, would it then be thought that the witness could be introduced? It would not then be claimed, because the statute defines the kind of notice to be given. It is not enough to give a notice that is just as good; it must be in substantial compliance with the statute. This right to introduce such a witness is an exception to the general rule prescribed in the statute. The general rule is that the name of a witness must be on the indictment; but others may be introduced upon special conditions, but these conditions are precedent to the right. We recognize the rule that obtains in civil proceedings, and, perhaps, to some extent in criminal proceedings, as to service of motions and orders of an interlocutory nature in the course of a suit pending. We are dealing with a statutory requirement in a

criminal proceeding, upon which the rights of a party depend, and which is without the discretionary power of the court. Having in view services required by law, our Code is far from recognizing a general rule that service upon a party, even in a civil suit pending, can be had by service on the attorney, because of its express provisions, in particular cases, that service may be made on the party or his attorney of record, See chapter 14 of title 17, which deals with notices, motions, and how service is to be made. In appeals by the state in criminal cases, the law permits the notice to be served on the defendant or his attorney. If the provision as to service on the attorney was omitted, it could hardly be claimed that service on the attorney would be sufficient, but it would be as clearly so as in this case. It is true that in case of appeals, the notice is to be served on the party or the attorney, while in this case, it is to be given to the defendant. It is urged in argument that the law does not require that the "notice to be given the defendant must be personally served upon him." There is hardly a practical distinction between a requirement that a written notice shall be given the defendant, and that a written notice shall be served on the defendant, and, in view of the language of the statute, we think that any other than a personal notice on the defendant is not authorized. The testimony of Dr. De Tar was important to the state, and as, under the law, he could not legally be used as a witness, the error in permitting it was prejudicial. The judgment is REVERSED.