STATE of Iowa, Appellee,

v.

Roger Carl MOLINE, Appellant.

No. 53025.

Supreme Court of Iowa.

Jan. 14, 1969.

Robert C. Nelson, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., and James C. Sell, Asst. Atty. Gen., Roger F. Peterson, County Atty., for appellee.

LeGRAND, Justice.

Defendant has appealed from judgment sentencing him to a term of not more than seven years in the Iowa State Penitentiary following his conviction of obtaining money under false pretenses in violation of section 713.1, Code of Iowa, 1966.

His appeal presents three alleged errors for consideration:

(1) That the trial court erred in refusing to direct a verdict of acquittal on the ground the State failed to prove any material false representation of fact made by defendant;

(2) That the trial court erred in permitting the State to use witnesses, minutes of whose testimony were not presented with the information as required by section 780.-10, Code of Iowa, 1966;

(3) That the trial court erred in admitting into evidence copy of a draft given to defendant, although the State failed to lay a proper foundation for failing to produce the original of the draft and therefore was not entitled to use such secondary evidence.

We find no reversible error in any of these assignments, and we affirm the judgment appealed from.

Sometime in August of 1966, defendant and a companion, Fred Bruckmann, went to the Cedar Falls home of Pearl Ellis, an 82-year-old widow, and presented her with a business card describing defendant as a contractor with offices in Waterloo. Mrs. Ellis' adult daughter, Lucille Anderson, who lives with her was there at the time. Mrs. Ellis was told her chimney was badly in need of repair, a conclusion arrived at by visual examination as defendant and Bruckmann drove past the Ellis home. They represented these repairs would cost $125.-00. After being advised Mrs. Anderson would call them if repairs were later decided upon, defendant and Bruckmann left. During this visit both men were present at all times, although Bruckmann did all of the talking.

The following morning Mrs. Anderson left for Waterloo, where she was employed, early in the morning. She returned at approximately 2:00 o'clock that afternoon and found the chimney on her mother's home knocked down to the roof-line. The same two men who had been there the previous night were working on the roof. The evidence showed they had returned that morning while Mrs. Ellis was alone, and she had then signed a contract for repair of the chimney at a cost of $125.00.

Upon her arrival home, Mrs. Anderson had a further conversation with defendant and Bruckmann. They stated the chimney was in worse condition than had been anticipated; that the flue liner was bent almost shut; that they had purchased a new liner downtown and would install it in the chimney; that the additional material and work would add $620.00 to the cost of the repairs. The contract which had been signed earlier that day was then changed to provide for payment of $745.00 instead of $125.00.

Later a Waterloo contractor testified no new flue liner had been installed. He stated the chimney was still equipped with the old porcelain liner which had been there since the house was originally built.

The entire job for which Mrs. Ellis paid $745.00 was completed in less than one day. The record does not show how early in the morning the work was started, but by 4:00 o'clock that afternoon it had been finished, payment of $745.00 had been received and the men were on their way.

I. Defendant's first assignment of error asserts he was entitled to a directed verdict because the State failed to prove any material false representation of fact was made. It is true, as defendant contends, the State must prove defendant knowingly made a false and material misrepresentation of an existing fact as one of the elements of the offense with which he was charged. State v. Comes, 245 Iowa 485, 488, 62 N.W.2d 753, 755; State v. Pullen, 252 Iowa 1324, 1328, 110 N.W.2d 328, 331; and citations referred to in both those decisions.

Defendant argues the record is completely silent as to any evidence from which the jury could find a false representation of a material existing or past fact made with knowledge of its falsity. Absence of such

evidence, he claims, entitles him to a directed verdict. We cannot agree.

■ There was evidence from which the jury could find the representations made concerning the condition of the flue, together with the statement that a new one had been purchased for installation in the chimney, were false and were known to be false at the time they were made. This is particularly true when all of the circumstances surrounding this transaction are taken into consideration. Some of these are the manner in which the work was solicited in the first place; the quick return of defendant to the Ellis home when Mrs. Ellis was alone although he was to be notified if any repair work was to be done; and the almost immediate "discovery" (later refuted by other testimony) that the repairs required far exceeded the original estimate. Circumstantial evidence is admissible to prove both the falsity of the representation made and the intent with which it was made. State v. Huckins, 212 Iowa 283, 287, 234 N.W. 554, 559; State v. Comes, 245 Iowa 485, 491, 62 N.W.2d 753, 757; State v. Timmer, Iowa, 151 N.W.2d 558, 561.

■ There was ample evidence upon which the jury could find defendant had knowingly made a false representation of material existing facts and we find no merit in defendant's first assignment of error.

II. Defendant contends the court erred in permitting the State to use four witnesses whose names were not endorsed on the information and for whom no minutes of testimony were presented with the information. He claims this violates the provisions of section 780.10, Code of Iowa, 1966, and entitles him to a new trial.

The section referred to provides in part as follows:

"The county attorney * * * shall not be permitted to introduce any witness who is not examined before * * * the grand jury, and the minutes of whose testimony were not presented with the indictment to the court, unless he shall have given to the defendant, or his attorney of record if the defendant be not found within the county, a notice in writing stating the name, place of residence, and occupation of such witness, and the substance of what he expects to prove by him on the trial, at least four days before the commencement of such trial."

Sections 780.11, 780.12, and 780.13 outline the procedure to be followed when the State desires to use evidence the existence of which was not learned in sufficient time to give the four-day notice required by section 780.10.

The real issue raised by this assignment is whether the trial court abused its discretion in granting the State's motion for leave to introduce additional testimony under the provisions of section 780.11. First we give in some detail the factual background giving rise to this problem.

This case was assigned for trial November 8, 1967. The State expected to use six witnesses for whom no minutes of testimony were presented with the information as required by section 780.10. Notice of such additional testimony was given by mailing the minutes to defendant's attorney of record. This did not comply with the statutory requirement that notice be given to the defendant, or in certain circumstances not important here, to his attorney of record. We have previously held that the provision for giving notice under this section means it shall be served personally on the defendant. State v. Russell, 98 Iowa 652, 654, 68 N.W. 433, 434. Subsequent to that decision the statute was amended to provide for service of notice upon defendant's attorney in the event the defendant himself could not be found within the county. This amendment is of no consequence here since there is no showing defendant could not have been personally served within the county.

The notice of additional testimony was mailed to defendant's attorney in compli-

ance with a long-standing custom in Black Hawk County under which the county attorney simply delivered to defendant's attorney the proposed minutes of additional testimony. Clearly this did not comply with the statutory requirement, although apparently the practice had prevailed for many years and was universally adhered to by members of the Bar of that county. In the instant case defendant's attorney resided in Linn County and was unfamiliar with the custom referred to.

By proper motion he objected to the use of these witnesses on the ground section 780.10 had not been complied with and local custom could not supersede the requirements of the statute. The trial court agreed and ruled the witnesses were not competent to testify on the basis of notice given by mail to defendant's attorney.

■ The State then filed a motion under section 780.11 asking permission to introduce the evidence of such witnesses and alleging there was insufficient time since the State had learned of its existence to give the statutory notice required by section 780.10. As to two of the witnesses, the trial court ruled the State knew of their testimony in time to have given the proper statutory notice and that such witnesses could not be used. We concern ourselves therefore only with the remaining four witnesses who were permitted to testify.

The State's motion was supported by affidavit of the assistant county attorney, who stated in substance he had learned of the availability of the testimony of two of these witnesses on November 5th, one on November 6th, and the last on November 8th, during voir dire examination of the jury after the trial had actually started. It is obvious therefore that as to none of them could he have given notice four days before the start of the trial. After a lengthy hearing, the trial court granted the State's motion and ruled the testimony of such witnesses would be received.

As provided in section 780.12, defendant thereupon elected to have the cause continued and the case was recessed from November 9, 1967, to November 15, 1967.

■ Defendant's objections to this procedure and to the granting of the State's motion under section 780.11 is two-fold. First, he asserts that the State by giving the defective notice to his attorney had precluded itself from proceeding under section 780.11. We agree with the trial court that this is without merit. If the State could otherwise qualify for the allowance of such a motion, the fact it had first proceeded improperly would not prevent the filing of a proper motion later.

As a second objection, defendant alleges the State failed to show the diligence required of it before such a motion may be granted. The defendant does not claim lack of diligence in ascertaining the existence of the evidence belatedly sought to be introduced but directs his whole argument toward lack of diligence after the existence of such evidence was discovered.

We have already mentioned that the affidavit of the assistant county attorney sets out the evidence in question was discovered on November 5th, November 6th and November 8th. The earliest time therefore that a motion under 780.11 could have been filed would have been November 5th as to several of the witnesses, November 6th as to another, and November 8th as, to the last.

■ Although properly refusing to recognize the local custom of Black Hawk County in determining the validity of the notice of additional testimony served on defendant's counsel, the court did consider such custom in passing on the diligence of the county attorney in the filing of his motion. We think it was permissible to do so. The State was required to show the same diligence as is required to support a motion for continuance. Here the filing was de-

layed several days because the county attorney relied in good faith on an established —albeit invalid—practice among the lawyers of his county.

 This is a matter in which the trial court has wide discretion. In State v. Gilliland, 252 Iowa 664, 669, 108 N.W.2d 74, 77, we said the granting of a motion to introduce additional testimony rests largely with the trial court. We quote from that opinion: "Matters concerning due diligence [in considering a motion to introduce additional testimony] are so much in the discretion of the trial court that we cannot say the ruling was improper. We will not interfere unless an abuse appears." We point out again, as did the trial court, this ruling does not rest upon the local custom of giving notice of additional testimony contrary to the statutory requirements of section 780.10. We hold such notice is not sufficient to comply with that statute. Our holding here is merely that the trial court did not abuse its discretion in granting the State's motion under section 780.11 for the introduction of additional testimony and in ruling the State had shown due diligence as required therein.

III. Defendant's last assignment of error involves the use of a copy of the bank draft by which Mrs. Ellis paid for the chimney repairs. Defendant insists the use of this secondary evidence was improper since no foundation was laid to excuse the State's failure to produce the original.

 It is the general rule the original of a document by which proof of a material fact is to be made must be introduced unless satisfactory explanation for its absence is made. Only then may secondary evidence,

which is frequently a copy of the same document, be admissible. 29 Am.Jur.2d, Evidence, section 448, page 510; Lende v. Ferguson, 237 Iowa 738, 747, 23 N.W.2d 824, 830; Barron v. Pigman, 250 Iowa 968, 972, 973, 95 N.W.2d 726, 729.

We need not decide here if the copy was properly admissible since any error would have been without prejudice to defendant.

The testimony showed without dispute that while defendant and Mr. Bruckmann were still working on the chimney, Mrs. Ellis and her daughter went to a bank in Cedar Falls and purchased a draft for $745.-00. Both Mrs. Ellis and Mrs. Anderson testified this draft was delivered to defendant and Bruckmann when the job was finished. There is no contrary evidence in the record. The copy of the draft to which objection was made added nothing to this testimony.

 Under such circumstances any error in admitting the copy would not constitute reversible error, nor would it entitle defendant to a new trial. Crawford v. Emerson Construction Company, 222 Iowa 378, 389, 269 N.W. 334, 339; Ver Steegh v. Flaugh, 251 Iowa 1011, 1020, 103 N.W.2d 718, 724, and citations; State v. Shephard, 255 Iowa 1218, 1229, 124 N.W.2d 712, 719, and citations; State v. Salter, Iowa, 162 N.W.2d 427, 430.

For the reasons hereinbefore set out, we hold the judgment of the trial court should be affirmed.

Affirmed.

All Justices concur.