STATE of Iowa, Appellee,

v.

**Morton S. FINGERT, Appellant.**

**No. 61775.**

Supreme Court of Iowa.

Nov. 12, 1980.

Joseph L. Marks of Marks, Marks & Marks, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Jeannine Freeman, Asst. Atty. Gen., Dan L. Johnston, Polk County Atty., and Rick L. Olson, Asst. County Atty., for appellee.

ALLBEE, Justice.

Defendant Morton S. Fingert was convicted by a jury of evading state income taxes for the years 1973 and 1974, in violation of section 422.25(8), The Code. The issues raised by his appeal largely center on the propriety of the admission of several items of evidence.

On July 11, 1977, defendant was charged by county attorney's information with two counts of evasion of state income tax. Trial of the case commenced January 16, 1978. The State relied upon the so-called "T-account" method of income reconstruction

as its means of demonstrating that defendant had understated his income for the years in question.[1] By showing that defendant had lost nearly $100,000 in the commodities market in 1973 and 1974, yet was able to cover these losses despite having reported gross income of only $18,200 and $19,000 in those years respectively, the State sought to prove its assertion that defendant had understated his income in violation of section 422.25(8). Among the witnesses called by the State were Roger Covault, the Department of Revenue auditor who conducted the investigation of defendant, and several employees of the commodity brokerage firms with which defendant traded. Defendant, on the other hand, asserted that he had in his possession a large cash hoard which he utilized to make up his commodities market losses. Following submission of the case, the jury returned a verdict against defendant on both counts.

Complaint is made of certain rulings concerning the admissibility of the evidence relating to defendant's financial affairs during the years in question. Specifically, defendant contends trial court erred in admitting records regarding his commodity accounts and in allowing Covault's testimony relating to the commodity accounts and certain of defendant's bank accounts. He further alleges error on the part of trial court in refusing to grant a mistrial due to purported prosecutorial misconduct and in denying his motion for directed verdict.

I. *Admission of commodity account records.* Defendant asserts trial court erred in admitting into evidence State's exhibits 51–68, 113 and 114. These exhibits purported to be copies of records of commodity accounts of defendant, and in one instance, of his former wife, with two commodity brokerage firms, First Mid–America, Inc. and Lincoln–Staley Commodities, Inc., during 1973 and 1974. In general, the records consist of monthly activity and year–end profit and loss statements for those accounts. Defendant asserts that these exhibits constitute documentary hearsay, and as such were erroneously admitted by trial court. He further argues that because the exhibits were not original documents, their admission was also barred by the best evidence rule.

■ A. *Documentary hearsay.* This court has adopted the definition of hearsay employed by the federal rules of evidence, that being "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c); *State v. Miller*, 204 N.W.2d 834, 840 (Iowa 1973). In this case, because the commodity accounts records were offered by the State to prove the truth of the figures stated in them, they clearly constituted hearsay. *Miller*, 204 N.W.2d at 840; *see State v. Kennedy*, 224 N.W.2d 223, 227 (Iowa 1974). As such, unless they fall within some recognized exception to the hearsay rule, their admission by trial court was error.

■ Prior to resolving this issue, however, we first deal with the State's contention that the records in question constitute adoptive admissions of defendant. We cannot accept this argument. In cases involving criminal prosecutions, this court has previously stated that silence alone is insuf-

---

1. The T–account method of income reconstruction is a form of the "cash expenditures" theory of establishing unreported taxable income. Under this approach, the existence of such income is demonstrated "by establishing the amount of [a taxpayer's] purchases of goods and services which are not attributable to the resources at hand at the beginning of the year or to non–taxable receipts during the year." *Taglianetti v. United States*, 398 F.2d 558, 562 (1st Cir. 1968).

It starts with an appraisal of the taxpayer's net worth situation at the beginning of a period. He may have much or he may have nothing. If, during that period, his expenditures have exceeded the amount he has returned as income and his net worth at the end of the period is the same as it was at the beginning (or any difference accounted for), then it may be concluded that his income tax return shows less income than he has in fact received.

*United States v. Caserta*, 199 F.2d 905, 907 (3d Cir. 1952).

ficient to constitute an admission which may be used against a defendant; that is, the admission must be adopted, rather than merely tacitly agreed to. *See State v. Kidd*, 239 N.W.2d 860, 864 (Iowa 1976); *State v. Hamilton*, 236 N.W.2d 325, 330 (Iowa 1975); *State v. Kelsey*, 201 N.W.2d 921, 927 (Iowa 1972). Admissions by adoption can only be established by "the totality of circumstances viewed in terms of probable human behavior." *Hamilton*, 236 N.W.2d at 330. In this case, defendant's silence with respect to the challenged exhibits is the only factor which would support a determination that these records constituted admissions by adoption. Accordingly, they could not properly be utilized as adoptive admissions in this prosecution.

Returning to the documentary hearsay issue, the State contends that the challenged exhibits were properly admitted into evidence under the regularly kept records exception to the hearsay rule. Admissibility under this exception is based upon the circumstantial guarantee of unusual reliability and trustworthiness associated with such documents

> furnished by the fact that in practice regular entries have a comparatively high degree of accuracy (as compared to other memoranda) because such books and records are customarily checked as to correctness by systematic balance–striking, because the very regularity and continuity of the records is calculated to train the record–keeper in habits of precision, and because in actual experience the entire business of the nation and many other activities constantly function in reliance upon entries of this kind.

C. McCormick, *Evidence* § 306, at 720 (2d ed.1972). The foundation required to establish this reliability, and hence to allow the admission of documentary hearsay under this exception, is codified in section 622.28, The Code. That statute provides in pertinent part as follows:

Any writing or record, whether in the form of an entry in a book, or otherwise, including electronic means and interpretations thereof, offered as memoranda or records of acts, conditions or events to prove the facts stated therein, shall be admissible as evidence *if the judge finds that they were made in the regular course of a business at or about the time of the act, condition or event recorded, and that the sources of information from which made and the method and circumstances of their preparation were such as to indicate their trustworthiness, and if the judge finds that they are not excludable as evidence because of any rule of admissibility of evidence other than the hearsay rule.*

(Emphasis added.) Thus, we have in the past required that documentary evidence of this nature "be vouched for by one having custody of the records or having actual knowledge of the circumstances under which they are kept." *State v. Fisher*, 178 N.W.2d 380, 384 (Iowa 1970).

In order for trial court to properly have admitted the challenged exhibits in this case, the above--quoted statutory requirements must necessarily have been adequately demonstrated. We recognize, of course, the considerable discretion possessed by trial courts with respect to the receipt of documentary evidence pursuant to section 622.28. *Prestype Inc. v. Carr*, 248 N.W.2d 111, 117 (Iowa 1976); *State v. Anderson*, 159 N.W.2d 809, 815 (Iowa 1968). We also note that this statute is to be construed in such a manner as to give it the broad and liberal interpretation it was intended to have. *Fisher*, 178 N.W.2d at 382. Against this background, we nonetheless are unable to agree that the foundational requirements delineated by the statute were satisfactorily demonstrated in this case.

In its attempt to lay the foundation for the introduction of exhibits 59–65, the State called as a witness Ilene Kriso, a secretary with Lincoln–Staley Commodities, Inc.[2]

---

**2.** Prior to March, 1977, the commodity broker with which defendant dealt was Lincoln Commodities, Inc. In March of 1977, Lincoln Commodities was purchased by A. E. Staley Mfg. Co., and Lincoln–Staley Commodities was formed. For the sake of convenience, we will refer to Lincoln Commodities, Inc. as Lincoln–Staley throughout.

Exhibits 59–63 represented copies of monthly activity statements for the years 1973–74 for a commodity account with Lincoln–Staley in defendant's name. Exhibits 64 and 65 consisted of a statement of account purchase and sale for one account in the name of defendant's former wife and a statement of profit and loss for defendant's account, respectively. Kriso testified as to her job responsibilities with Lincoln · Staley: as secretary, she was responsible for the commodity records when those records were in her office, and she also did the copying of those statements when copies were requested. While not actually in charge of the storage of the records herself, Kriso had "just as much access to those records as would the assistant treasurer or the margin clerk or the vice-president." Although she did not prepare the records originally, it would appear that Kriso did have sufficient familiarity with the circumstances under which the records were kept, see Fisher, 178 N.W.2d at 383–84, to qualify her as a foundation witness. However, while it could be inferred from the monthly sequence of the account activity statements that these records were made in the regular course of business, Kriso gave no express testimony as to that foundational requirement. More significantly, she proffered no testimony of substance with regard to the timing of the recordation, the sources of information from which the records were made or the method and circumstances of their preparation. These deficiencies formed the bases for defendant's objections to the admission of the exhibits in question.

The record reveals similar deficiencies in the testimony of those witnesses called by the State to authenticate the other challenged exhibits. Lynn Hahn, a compliance supervisor for First Mid–America, Inc., testified with respect to exhibits 51 58, monthly activity statements and year–end profit and loss statements for defendant's commodity account with that company. With the exception of exhibit 53, these documents consisted of microfilm copies of those records. Exhibit 53 was a copy of a duplicate confirmation which would have been sent to defendant. Hahn testified that the exhibits in question would have been microfilmed at the company's home office in Lincoln, Nebraska, where she is employed. While she stated that she was familiar with the microfilming process, she offered no further testimony as to how that process was accomplished, nor did she supply any information with respect to the regularity or timing of the recordation, the sources of information from which the records were made or the method and circumstances of their preparation. Gerald Moyer, manager of Lincoln Staley in Des Moines, gave brief testimony concerning the making of documents represented by exhibits 66 68 in the regular course of business; however, he provided no other testimony of substance with respect to the other foundational elements of section 622.28. Likewise, James Glazer, manager of First Mid–America's Des Moines office, while stating that records such as State's exhibits 113 and 114 were kept in the regular course of business, provided no further explanation concerning the record keeping or record–making process in the context dictated by the statute.

■■ Viewing the testimony elicited by the State with respect to these exhibits in light of the statutorily mandated foundation of section 622.28, we are unable to discern here the circumstantial guarantee of unusual reliability and trustworthiness which that statutory provision is designed to ensure. By this determination, however, we do not advocate an overly rigid or mechanical approach concerning the admission of evidence under the regularly kept records exception. As noted above, trial courts possess considerable discretion with respect to the admissibility of documentary hearsay under section 622.28, Anderson, 159 N.W.2d at 815, and that provision should be construed so as to afford the liberal interpretation it was intended to have. Fisher, 178 N.W.2d at 382. Nonetheless, such evidence cannot properly be admitted where the proponent has failed to supply at least minimal testimony with regard to the foundational

elements statutorily required. The problem here is that while there is a modicum of evidence that the challenged exhibits were made in the regular course of business, there is a lack of evidence that they were made at or about the time of the act, condition or event recorded, and that the sources of information from which the exhibits were made and the method and circumstances of their preparation were such as to indicate their trustworthiness. *See State v. Lain*, 246 N.W.2d 238, 242 (Iowa 1976); *Fisher*, 178 N.W.2d at 382. Admission of the challenged exhibits was error in this case.[3]

■ B. *Best evidence.* Defendant also asserts the admission of the exhibits in question contravened the best evidence rule, and hence constituted error. Under this rule of evidence, "the original of a document by which proof of a material fact is to be made must be introduced unless satisfactory explanation for its absence is made." *State v. Moline*, 164 N.W.2d 151, 156 (Iowa 1969). Defendant bases his assertion upon the fact that none of these exhibits was an original document, rather, all were purported to be copies or reproductions of business records. In this regard, we note initially that defendant made no objection on best evidence grounds with respect to the admission of exhibits 59–65. Consequently, he cannot raise this objection for the first time on this appeal. *See, e. g., State v. Halverson*, 261 Iowa 530, 536, 155 N.W.2d 177, 180 (1967). *See generally State v. Jump*, 269 N.W.2d 417, 430 (Iowa 1978).

■ In connection with defendant's best evidence objection directed to the remaining exhibits, we call attention to subsection 622.30(2), The Code, wherein the legislature has provided that photostatic and microfilm copies shall be "as admissible in evidence as the original itself" provided they are satisfactorily identified and made in the regular course of business.[4] In light of this provision, the admission of the challenged exhibits, purported copies or reproductions, would have been proper if sufficient foundation with respect to their having been made in the regular course of business had been offered. § 622.30(2). However, as determined above, because the State failed to supply the necessary foundational testimony, the challenged exhibits were likewise not properly admissible under this statutory provision and thus subject to the best evidence rule. Consequently, the State having

3. With respect to exhibits 51–65, the State argues that because defendant failed to initially challenge the exhibits as hearsay, his objection based upon the foundational elements of section 622.28 was insufficient to preserve error on this appeal. We note, however, that defendant's objection with respect to these particular exhibits stated with specificity the absence of testimony concerning the foundational requirements of that section. It is apparent from the record that trial court understood defendant's complaint to be based upon the hearsay rule and the asserted failure of the State to supply the requisite foundation for admission of the documents under the regularly kept records exception. The form of an objection is sufficient "if it alerts the trial court to the principle sought to be invoked." *State v. Nimmo*, 247 N.W.2d 228, 231 (Iowa 1976). We find no failure to preserve error here.

4. Subsection 622.30(2) provides as follows:
 2. If any business, institution, member of a profession or calling, or any department or agency of government, in the regular course of business or activity has kept or recorded any *memorandum, writing, entry print, representation* or combination thereof, of any act, transaction, occurrence or event and in the regular course of business has caused any or all of the same to be recorded, copied or reproduced by any photographic, photostatic, microfilm, microcard, miniature photographic, or other process which accurately reproduces or forms a durable medium for so reproducing the original, the original may be destroyed in the regular course of business unless held in a custodial or fiduciary capacity or unless its preservation is required by law, except if the originals are records, reports or other papers of a county officer they shall not be destroyed until they have been preserved for ten years. Such reproduction, when satisfactorily identified, is as admissible in evidence as the original itself in any judicial or administrative proceeding whether the original is in existence or not and an enlargement or facsimile of such reproduction.is likewise admissible in evidence if the original reproduction is in existence and available for inspection under direction of court. The introduction of a reproduced record, enlargement or facsimile, does not preclude admission of the original.

provided no testimony of substance which would satisfactorily explain the absence of the original records, defendant's objections should have been sustained.

II. *Covault's testimony.* Defendant also assigns as error trial court's admission of certain testimony by Roger Covault, auditor with the state Department of Revenue. Covault testified concerning defendant's financial transactions during the years in question, based upon the investigation of defendant which he conducted. His testimony was primarily based upon a "T–account" of defendant's finances which Covault prepared to summarize his investigation. From this, Covault testified as to the beginning and ending balances in defendant's commodity accounts with First Mid–America and Lincoln–Staley in 1973 and 1974. He also testified concerning checks, including testimony as to their amounts, allegedly written by defendant. However, the checks themselves were not introduced into evidence, nor was any explanation for their absence advanced. Defendant contends this testimony constituted hearsay and was not the best evidence, and hence was inadmissible.

 Because of our conclusion that the commodity account records offered by the State were not satisfactorily authenticated and were thus improperly admitted, Covault's testimony regarding the balances of defendant's accounts was hearsay, and should not have been admitted. *See State v. Miller,* 204 N.W.2d 834, 840 (Iowa 1973). Of course, had these records been properly admitted Covault's testimony would have been competent and admissible. Similarly, because the checks concerning which Covault testified were not themselves introduced as evidence, his testimony as to them was also inadmissible.

 The State contends that because this case concerns a detailed investigation involving numerous documents, testimony summarizing the results should be permitted without the necessity of introducing the many records included. This court has on several occasions reiterated the general principle that a competent witness may testify as to the results of his examination of voluminous records. In these past cases, however, the original or duplicate documents from which such summarizations were prepared were either themselves introduced as evidence, *see State v. Dobry,* 217 Iowa 858, 864, 250 N.W. 702, 706 (1933), *appeal dismissed sub nom. Dobry v. Iowa,* 293 U.S. 519, 55 S.Ct. 87, 79 L.Ed. 632 (1934); *State v. Cadwell,* 79 Iowa 432, 441, 44 N.W. 700, 703 (1890), or were physically present in the courtroom or otherwise available for inspection or use in cross–examination by opposing counsel. *See Alpen v. Chapman,* 179 N.W.2d 585, 592 (Iowa 1970). In this connection, we also note recent interpretations of Fed.R.Evid. 1006[5] requiring a demonstration of the admissibility of the underlying records before a summary may be introduced as evidence under that rule. *United States v. Johnson,* 594 F.2d 1253, 1254–57 (9th Cir.), *cert. denied,* 444 U.S. 964, 100 S.Ct. 451, 62 L.Ed.2d 376 (1979); *see* 5 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 1006[03] at 1006–5–6 (1978); S. Saltzburg & K. Redden, *Federal Rules of Evidence Manual* 694 (2d ed.1977). From our prior cases and these interpretations of Fed.R.Evid. 1006, we glean what we conclude to be the requisites for admissibility of evidence summarizing voluminous records: *either* the underlying records have been properly admitted, *or* (1) the underlying records are available for examination and use by the opposing party and (2) a foundation has been laid which would render such records admissible should they be offered into evidence. A summary, chart or calculation to be admitted must then itself be authenticated. Here, because the under-

---

5. Fed.R.Evid. 1006, which governs the evidentiary use of summaries in the federal courts, provides as follows:

The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at reasonable time and place. The court may order that they be produced in court.

lying records were either improperly admitted or were not offered in evidence or otherwise made available, Covault's summarization of their content was not admissible under the general principle urged by the State.

 The State also argues that because the checks concerning which Covault testified were signed by defendant, they constituted admissions by him, and therefore the auditor's testimony with respect to their content was proper. It is clear that if the checks in question had been signed by defendant, they would indeed constitute an admission and would therefore not fall within the hearsay rule. *See, e.g., State v. Welsh,* 245 N.W.2d 290, 295 (Iowa 1976). While these checks would have been admissible had there been evidence that they were signed by defendant, in the absence of such evidence Covault's testimony as to their content constituted hearsay and should not have been admitted. *See State v. Evans,* 169 N.W.2d 200, 205 (Iowa 1969). For the reasons stated, the challenged testimony was improperly admitted.

III. *Other assigned errors and conclusion.* The errors in the admission of evidence delineated in divisions I and II require that defendant be granted a new trial. Therefore, we need not pass upon defendant's assertion that trial court erred in denying defendant's motion for mistrial based upon a remark made by the prosecutor during closing argument, as we assume the remark will not recur on retrial.

 Defendant lastly contends that his motion for directed verdict should have been sustained. We, however, decline to review the ruling on that motion because our reversal is predicated only upon error in the admission of evidence. But the question then arises whether we should now review that motion after excluding the evidence we have held was improperly admitted. For reasons recently explained in *State v. Howell,* 290 N.W.2d 355, 361 (Iowa 1980), we believe not. As stated there, and applicable here, the State may have refrained from more fully developing its evidence because of the evidentiary rulings we now reverse. On a retrial, the State may also be able to produce other evidence to prove the charges made against defendant. *See id.* The interests of justice favor that this case be remanded for the opportunity of a new trial.

Trial court's judgment is, accordingly, reversed and this case is remanded for a new trial.

REVERSED AND REMANDED.

All Justices concur except SCHULTZ, J., who takes no part.