# IN THE COURT OF APPEALS OF IOWA

No. 16-1403
Filed May 17, 2017

**QUALITY EGG, L.L.C.,**
        Plaintiff-Appellant,

**vs.**

**HICKMAN'S EGG RANCH,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Wright County, Christopher C. Foy,

Judge.

        Quality Egg, L.L.C. challenges the admission of an exhibit summarizing

damages. **REVERSED AND REMANDED.**

        G.A. Cady III of Cady & Rosenberg Law Firm, P.L.C., Hampton, for

appellant.

        Robert Malloy and Lynn Collins Seaba of Malloy Law Firm, LLP, Goldfield,

for appellee.

        Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**VAITHESWARAN, Judge.**

We must decide whether an exhibit summarizing damages was properly admitted.

## I.    *Background Facts and Proceedings*

Iowa egg producer Quality Egg, L.L.C. sold eggs to Hickman's Egg Ranch, Inc. Quality Egg sued Hickman's for money "due and owing" on an open account. Hickman's counterclaimed for breach of contract based on a recall of eggs due to salmonella contamination.

At trial, Hickman's chief financial officer testified its damages stemmed from credits they had to give the Safeway grocery chain. The CFO offered a summary exhibit, Exhibit RR, and testified, "It's our calculation on what the damages from Safeway are." Quality Egg objected to admission of the exhibit on the ground that the underlying documents on which the summary was based were never received by counsel, the summary lacked a proper foundation, the summary constituted hearsay evidence, and the summary violated the best evidence rule. After confirming counsel received Exhibit RR in discovery, the district court overruled the objection and admitted the document.

According to Exhibit RR, Hickman's damages on its counterclaim totaled $31,322.97. The jury awarded Hickman's $31,322.97.

Quality Egg moved for a new trial and for judgment notwithstanding the verdict. The district court rejected Quality Egg's renewed challenge to the admission of Exhibit RR, reasoning that the exhibit "was *not* offered for the purpose of proving the damages sustained by customers of Defendant as a result of the egg recall" but "was offered to show the amounts that Defendant

paid (or credited) its customers to keep their business after the egg recall." Alternatively, the court stated, "Even if the Court erred in admitting Exhibit RR, the other evidence presented by Defendant was sufficient to withstand Plaintiff's motion for directed verdict." The court denied this portion of Quality Egg's motion.[1] Quality Egg appealed.

## II. Admissibility of Summary Exhibit

### A. Summary

Iowa Rule of Evidence 5.1006 states:

> The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at reasonable time and place. And the court may order the proponent to produce them in court.

This court examined and applied the rule in *State v. Wright*, No. 08-1737, 2010 WL 200052 (Iowa Ct. App. Jan. 22, 2010). We stated, "For the summary to be admissible, the underlying records on which the summary is based have to be both available and admissible." *Wright*, 2010 WL 200052, at *6. The court reaffirmed the following standard for admission of summaries: "*either* the underlying records have been properly admitted, or (1) the underlying records are available for examination and use by the opposing party and (2) a foundation has been laid which would render such records admissible should they be offered into evidence." *Id.* (quoting *State v. Fingert*, 298 N.W.2d 249, 255 (Iowa 1980)).

---

[1] The court granted a new trial on another aspect of the case, which is not at issue on appeal.

Applying the *Fingert* standard, we preliminarily note that Exhibit RR was indisputably a summary of other documents and the other documents were neither offered nor admitted at trial. Turning to the first prong of the unadmitted records standard—whether the underlying records are available for examination and use by the opposing party—Quality Egg's attorney represented they "never received anything that would support the entries in Exhibit RR." There is also no indication the records were available for examination at trial. That said, the record is unclear on whether Quality Egg specifically requested those underlying documents after receiving Exhibit RR in discovery. Although the company served discovery requests on Hickman's, the contents of those requests were not filed with the court. And although Quality Egg sought and obtained an order compelling discovery, neither the motion nor order specifies the items Hickman's failed to produce. Given this state of the record, we will assume without deciding the underlying documents were available for examination and use by Quality Egg. *See Thakur, L.L.C. v. Maha-Vishnu Corp.*, No. 12-0441, 2012 WL 5954589, at *5 (Iowa Ct. App. Nov. 29, 2012) (citing district court opinion that noted the challenging party "does not state he made discovery requests to which [the other party] failed to respond").

We conclude Hickman's failed to satisfy the second prong of the unadmitted records standard—"a foundation has been laid which would render such records admissible should they be offered into evidence." Quality Egg elicited testimony from Hickman's CFO that, although he generated Exhibit RR with Hickman's software, he relied on documents he did not necessarily have. One of the owners of Hickman's followed up by testifying Exhibit RR itself was "a

Safeway document." To illustrate this point, he pointed to columns within the document and testified "[t]he first column would be the store number" and "[t]he second column would be the day that the store received the eggs." When asked if Hickman's prepared the document, he responded, "I don't believe so." Together, these witnesses confirmed the absence of any foundation for admission of Exhibit RR or the underlying documents it summarized. Accordingly, the admission of Exhibit RR under the authority of rule 5.1006 was an abuse of discretion. *See State v. Jordan*, 663 N.W.2d 877, 879 (Iowa 2003).

### B. Business Records Exception to the Hearsay Rule

Iowa Rule of Evidence 5.801(c) defines hearsay as "a statement [a] party offers into evidence to prove the truth of the matter asserted in the statement." Hearsay is not admissible unless it falls within a recognized exception. *See* Iowa R. Evid. 5.802. One recognized exception to the hearsay rule is the exception for records of a regularly conducted activity. Iowa R. Evid. 5.803(6). The rule excepts:

> A record of an act, event, condition, opinion, or diagnosis if:
> (A) The record was made at or near the time by--or from information transmitted by--someone with knowledge;
> (B) The record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C) Making the record was a regular practice of that activity;
> (D) All these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with rule 5.902(11) or rule 5.902(12) or with a statute permitting certification; and
> (E) The opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Iowa R. Evid. 5.803(6). Suffice it to say that Hickman's witnesses failed to satisfy any of these prongs with respect to Exhibit RR. *State v. Reynolds*, 746 N.W.2d 837, 841-43 (Iowa 2008) (concluding State failed to establish certain elements of business records exception with respect to Federal Reserve documents). Exhibit RR constituted hearsay evidence, and it was error to admit it.

With non-constitutional error, we reverse unless the record affirmatively establishes otherwise. Absent Exhibit RR, the record contains only one piece of evidence to establish Hickman's damages. Moments before offering the exhibit, the CFO was asked what the total amount was that he was claiming in damages. Quality Egg's attorney interposed an objection, stating the question "calls for hearsay testimony as to the contents of documents that . . . are not before the Court." The court overruled the objection and the CFO testified the damages were "in the neighborhood of $30,000." Hickman's followed up by offering Exhibit RR.

We conclude the CFO's testimony about damages prior to the admission of Exhibit RR was inadmissible because it was premised exclusively on the inadmissible summary exhibit. Quality Egg's objection to his testimony on the ground that it was based on the contents of documents not before the court should have been sustained. Had the objection been sustained, there would have been no evidence to support Hickman's damages estimate. The jury was instructed Hickman's had to prove damages to prevail on its breach-of-contract counterclaim. Hickman's failed to prove this key element. Quality Egg asserts "the only appropriate remedy is to set the judgment aside and grant Quality Egg

a new trial." We grant Quality Egg its requested relief. We find it unnecessary to address Quality Egg's argument with respect to the best evidence rule.

**REVERSED AND REMANDED.**