STATE of Iowa, Appellee,

v.

George Ray GOFF, Appellant.

No. 65842.

Supreme Court of Iowa.

Feb. 17, 1982.

Lloyd H. Wolf of Napier, Wright & Wolf, Fort Madison, for appellant.

Thomas J. Miller, Atty. Gen., and Teresa Baustian, Asst. Atty. Gen., for appellee.

LeGRAND, Justice.

While a prisoner at the Ft. Madison penitentiary, defendant was convicted of two counts each of kidnapping in the second degree and of assault while participating in a felony. These charges resulted from incidents involving several penitentiary guards whom defendant allegedly held hostage at knife point. On defendant's appeal, we reverse and remand for a new trial.

Defendant originally relied on three issues: 1) error in denying his motion for dismissal on the ground he was denied a speedy trial; 2) prejudicial error in cross-examination; and 3) refusal to permit him to call an additional witness.

Because of our recent decision in *State v. Mhoon*, 310 N.W.2d 213 (Iowa 1981), defendant has waived the first of these, and

we find it unnecessary to consider the third. We discuss the only issue remaining—prejudicial error in cross-examination of the defendant.

One of the critical points at trial was whether defendant used a homemade knife or "shank" at the time he held the guards at bay. They testified he did. He insisted he did not. He further denied he ever had a knife at any time during his confinement in the penitentiary. He repeated this on cross-examination. He was then further cross-examined over objection as follows:

Q. It's your testimony that you never had a knife in the institution?

A. Right. I never used a knife.

Q. Is it a fact that on February 2 of 1977 you were convicted by a jury of kidnapping and going armed with intent while you were an inmate at the Iowa State Penitentiary?

. . . .

A. Yes, I was convicted.

Q. Of kidnapping and going armed with intent?

A. Yes.

. . . .

Q. Didn't that incident involve an incident in the Iowa State Penitentiary?

A. Yes. But then like you said, this was in '76 or '77. Like I said that's why if I was going to take a hostage, I would know how to do it. I never carried a knife or seen one since.

The question before us is whether this venture into defendant's past criminal conduct was permissible. The State justifies the cross-examination as being proper impeachment on matters raised on defendant's direct testimony. Defendant argues the State went beyond the scope of direct examination and did not confine itself "strictly to matters testified to in the examination in chief." Iowa R.Crim.P. 19(1).

■ Evidence of crimes other than the one for which a defendant is then on trial is inadmissible unless the circumstances come within one of the carefully guarded exceptions to that general rule. *State v. Wright*, 191 N.W.2d 638, 640 (Iowa 1971). Additionally a defendant may, of course, be impeached by showing the commission of previous felonies subject to the conditions announced in *State v. Martin*, 217 N.W.2d 536, 542 (Iowa 1974).

■ Neither of these doctrines is applicable in the present case. The only purpose the State sought to achieve by this cross-examination was to contradict defendant's unequivocal testimony he had no knife, not only at the time of these events, but at any time during his incarceration. The State understandably wanted to show this was not true; and it was entitled to do so. *State v. Hephner*, 161 N.W.2d 714, 719 (Iowa 1968).

We thus reach the ultimate question: was the cross-examination as conducted by the State proper for this purpose? In resolving this matter, several general rules come into play. Cross-examination must be strictly limited to matters testified to in chief. *State v. Monroe*, 236 N.W.2d 24, 29 (Iowa 1975). The determinative question is whether the inquiry is relevant to any material issue. *State v. Ivory*, 247 N.W.2d 198, 204 (Iowa 1977). The trial court has wide discretion in ruling on the scope of cross-examination. *State v. Frazer*, 267 N.W.2d 34, 38 (Iowa 1978).

■ With these principles in mind, we conclude the trial court abused its discretion, and we reverse for a new trial for the following reasons.

We hold the cross-examination went beyond matters brought out on direct; that it put before the jury defendant's conviction of a prior crime having no relevance to any material issue in the case; and that defendant was prejudiced thereby.

In *Ivory* we approved this statement concerning relevancy:

In *State v. Hopkins*, 192 N.W.2d 747, 752 (Iowa 1972), this court stated:

"McCormick suggests 'that the most acceptable test of relevancy is the question, does the evidence offered render the desired inference *more probable than it*

*would be without the evidence?'* (Emphasis in the original). See McCormick on Evidence, section 152."

Relevant evidence is also defined in both rule 401, Federal Rules of Evidence, and rule 401, Uniform Rules of Evidence, in these words:

" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

247 N.W.2d at 204.

We find the cross-examination here lacked relevance and was consequently improper. The only issue upon which the State sought to impeach defendant concerned his possession and use of a knife. The cross-examination, however, did not address this point. It was directed to show defendant's conviction for a prior crime while he was armed. It had no relevance in determining if defendant had used a knife, which is only one of the many dangerous weapons defined in section 702.7, The Code. It had the additional vice of improperly putting before the jury evidence that defendant had previously committed a crime much like the one for which he was then on trial. This is a factor to be considered in deciding if there was error and if the potential for prejudice outweighed the probative value of the evidence. *State v. Concord,* 172 Iowa 467, 475, 154 N.W. 763, 765 (1915).

We have not overlooked the fact that defendant's answer was ambiguous and is open to the interpretation that his prior crime *was* committed with a knife. This, however, does not help the State. The question should have been disallowed; the answer should never have come in.

In view of this conclusion, we need not consider the other issue raised by defendant concerning the trial court's refusal to permit defendant to call an additional witness. This matter will not arise on retrial.

REVERSED AND REMANDED.

All Justices concur except HARRIS, J., who dissents.