STATE of Iowa, Appellee,

v.

Craig Allen HOLMES, Appellant.

No. 67661.

Supreme Court of Iowa.

Oct. 27, 1982.

Francis C. Hoyt, Jr., Chief Appellate Defender and Patrick R. Grady, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Mary Jane Blink, Asst. Atty. Gen., for appellee.

Considered by LeGRAND, P.J., UHLEN-HOPP, McCORMICK, LARSON, and SCHULTZ, JJ.

LARSON, Justice.

Craig Allen Holmes appeals from his conviction of second-degree robbery, Iowa Code sections 711.1 and 711.3 (1979). He contends the trial court erred in (1) allowing a police officer to testify, over his hearsay objection, about the victim's out-of-court identification of him and (2) allowing the State to cross-examine him on matters not raised on direct examination. We affirm.

The victim in this case was robbed at gunpoint soon after leaving a convenience store. Twelve days after the robbery, the victim saw a man, resembling the robber, walking on a nearby street. He notified the police, and a short time later two officers apprehended Holmes.

I. *Hearsay Objection.*

At trial, the State called Officer Zubrod, one of the policemen who had stopped the defendant. In answering a question about his observation of the victim and the defendant on the street, the officer began to relate what the victim had said when identifying the defendant. The defendant objected on hearsay grounds, and the trial court first sustained the objection. The State then established the defendant had been present when the identification was made and again asked what the victim had said. This time the trial court overruled a hearsay objection and Zubrod testified: "He just stated that the person we had stopped was the one that had evidently robbed him earlier."

The theory of the State in establishing the defendant's proximity to the conversation, and the court's admission of the testimony, was obviously that the defendant tacitly admitted its accuracy by not challenging the victim's identification of him made in his presence. Use of a tacit admission in effect penalizes a criminal defendant for exercising his fifth-amendment privilege and would be vulnerable to objection on that ground. *State v. Kelsey,* 201 N.W.2d 921, 927 (Iowa 1972). The defendant's objection, however, was limited to hearsay. No constitutional theory is discernible except by a strained analysis of the defendant's argument: Because the defendant's "admission" could not be admitted as

an exception to the hearsay rule, presumably because of its constitutional defect, the victim's out-of-court statement stood as hearsay and was subject to objection on that ground.

The State does not raise the issue of error preservation but argues that, because the testimony is a statement of an out-of-court identification corroborating the declarant's testimony at trial, it is not hearsay at all. In support of its position the State relies on *Gilbert v. California*, 388 U.S. 263, 272 n. 3, 87 S.Ct. 1951, 1956, 18 L.Ed.2d 1178, 1186 (1967) (applying California rule), and Federal Rule of Evidence 801(d)(1)(C), excluding such statements from the definition of hearsay if the "declarant testifies at trial and is subject to cross-examination concerning the statement, and the statement is . . . one of identification of a person made after perceiving him." Although the State asks us to adopt the federal rule, we decline to do so at this time.[1]

While we have serious doubts whether the defendant's objection was adequate to preserve error,[2] *see State v. Taylor*, 310 N.W.2d 174, 177 (Iowa 1981); *State v. Droste*, 232 N.W.2d 483, 487 (Iowa 1975), we nevertheless conclude the identification testimony was merely cumulative and any error in admitting it was harmless. *See Kelsey*, 201 N.W.2d at 927. The victim identified Holmes at trial and also testified he had identified him earlier to Officer Zubrod. Zubrod also testified as to the fact of the on-street identification of Holmes by the victim, without reciting the exact words used. All this testimony was admitted without objection. Officer Zubrod's further testimony as to what the victim actually said in identifying the defendant did little, if anything, to enhance the evidence already in the record without objection. Accordingly, we conclude the admission of Officer Zubrod's testimony was harmless.

## II. *Scope of Cross-examination.*

The defendant contends the district court erred in allowing the State to cross-examine him concerning his contact with a person named "Randy" on the day of his arrest. On direct examination, the defendant had testified, among other things, about events of the day of his arrest, about a pellet gun he then had in his possession resembling the holdup gun and the other contents of the cardboard box, about where he was walking before the arrest, and whether and how many people he had passed while walking. On cross-examination the prosecuting attorney then asked the defendant if he had seen a person named Randy on the day of his arrest and if he obtained the contents of the box from him. The defendant objected to this line of questioning as beyond the scope of direct examination and on the ground it implied the items had been stolen, a fact irrelevant in the present case. These objections were overruled and the defendant testified he had obtained the items in that manner.

1. This court has adopted the federal rules' general definition of hearsay: "a statement, other than one made by declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted," Fed.R. Evid. 801(c); *State v. Lamp*, 322 N.W.2d 48, 57 (Iowa 1982); *State v. Fingert*, 298 N.W.2d 249, 251 (Iowa 1980). A committee of this court is now studying the federal rules in preparation for a recommendation of rules to be adopted. *See* 1981 Iowa Acts ch. 203 and order of this court of December 14, 1981. Moreover, the rule has not enjoyed consistent legislative support. As promulgated by the U.S. Supreme Court, rule 801(d)(1) contained provision (C), but it was deleted from the rule as enacted by Congress. While it was later restored by Congress, P.L. 94–113, it still does not appear in the uniform rules of evidence. *See* McCormick's Handbook on the Law of Evidence § 251, at 603 n. 78 (2d ed. E. Cleary 1972 & Supp.1978). The spirit of the rule does find substantial support in the case law. *See* Fed.R.Evid. 801(d)(1)(C) advisory committee note; *see* also 4 Wigmore, Evidence § 1130 (Chadbourn rev. 1972).

2. In *Kelsey*, which ruled the tacit admission was impermissible under the fifth amendment, the only objection raised at trial was that it was hearsay. The sufficiency of the objection was not addressed by the court, however, and we do not consider it to have given this court's imprimatur on the use of the hearsay objection to raise the issue.

The scope of cross-examination is a matter of trial court discretion; we will reverse only for an abuse of discretion, and then only if it appears that prejudice resulted. *State v. Gibb,* 303 N.W.2d 673, 680 (Iowa 1981); *State v. Frazer,* 267 N.W.2d 34, 38 (Iowa 1978); *State v. Monroe,* 236 N.W.2d 24, 29 (Iowa 1975). When the defendant is the witness, the prosecutor is strictly confined to matters testified to in the examination in chief. Iowa R.Crim.P. 19(1); *State v. Goff,* 315 N.W.2d 768, 769 (Iowa 1982); *Monroe,* 236 N.W.2d at 29. This does not mean, however, that the "prosecutor can only parrot the questions propounded on direct. Cross-examination may deal with *matters* inquired into on direct, and questions fairly within the area of those matters constitute proper cross-examination." *State v. Jackson,* 259 N.W.2d 796, 800–01 (Iowa 1977) (*quoting State v. Jensen,* 189 N.W.2d 919, 923–24 (Iowa 1971)).

In the present case the defendant testified on direct examination to the matter of where he was walking prior to his arrest and the number of people he passed. He mentioned he had seen only one person he recognized. The State's questions regarding a person named "Randy," apparently based upon earlier statements by the defendant, were fairly within the matter of the persons he had seen the day of his arrest, and thus, fall properly within the scope of direct examination. His argument that he was prejudiced by admission of the evidence would require us to assume the jury inferred the property was stolen from this evidence alone. This we will not do. The district court was correct in overruling the defendant's objection.

We find no reversible error.

AFFIRMED.