**David Arlan BAILEY, Appellant,**

v.

**STATE of Iowa, Appellee.**

No. 91–610.

Court of Appeals of Iowa.

Sept. 29, 1992.

Linda Del Gallo, State Appellate Defender, and Shari Barron, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Amy M. Anderson, Asst. Atty. Gen., and James M. Drew, County Atty., for appellee.

Considered by DONIELSON, P.J., and HAYDEN and HABHAB, JJ.

DONIELSON, Presiding Judge.

On February 18, 1988, David Dudley noticed $3,000 in cash and 500 lottery tickets were missing from a file cabinet in an office at his truck stop. That same day, a state trooper stopped David Bailey and David Orscanin for speeding and a seat belt violation. The trooper discovered 500 lottery tickets, $1,540 in cash, and a knife in a search of the vehicle.

Sheriff Duane Payne later showed Glenn Johansen, a customer at the truck stop, two photographic arrays. Johansen chose two of the photographs as the men he had observed acting suspicious near the office on February 18. Johansen selected neither Bailey's picture nor Orscanin's picture.

The State charged Bailey with second-degree burglary, possession of burglar's tools, second-degree theft, two counts of possession of a controlled substance, carrying a dangerous weapon, and being an habitual offender. The district court dismissed the charges of possession of burglar's tools and both counts of possession of a controlled substance.

Bailey and Orscanin were tried together. At trial, Johansen testified he was not certain the persons in the photographs were the persons he had seen in the truck stop. However, defense counsel did not present any evidence regarding Johansen's failure to select either Bailey's picture or Orscanin's picture from the photographic arrays.

Also at trial, Bailey's counsel did not object to Instruction No. 14, which defined second-degree burglary. The instruction stated, in relevant part, "[a] right, license, or privilege to enter an occupied structure which is only partly open to the public is not a right, license, or privilege to enter that part of the structure which is not open to the public."

The district court overruled Bailey's motion for judgment of acquittal. The jury found both defendants guilty of burglary in the second degree and of theft in the second degree. Bailey was also found guilty of carrying a dangerous weapon.

Bailey and Orscanin appealed. They argued, inter alia, the allegedly private office in a public area did not constitute an "occupied structure not being open to the public" as required by Iowa Code section 713.1 (1987). The court of appeals affirmed both convictions and held Bailey's defense counsel's motion for judgment of acquittal failed to preserve error on the "occupied structure" claim. *State v. Orscanin*, 455 N.W.2d 301 (Iowa App.1989).

In December 1990, Bailey filed an application for postconviction relief. He contended, inter alia, he was denied effective assistance of counsel by his counsel's failure to (1) elicit testimony regarding Johansen's misidentification from the photographic arrays, (2) preserve error on the occupied structure claim, and (3) object to a jury instruction regarding second-degree burglary.

The district court found Bailey's trial counsel had breached an essential duty by failing to elicit the testimony regarding Johansen's misidentification, but determined no prejudice had resulted. The district court rejected Bailey's other claims and denied his application.

Bailey now appeals. He contends the district court erred in denying his application for postconviction relief. On our review, we affirm the district court.

■ Ordinarily, our review of postconviction relief proceedings is for errors of law. *Hinkle v. State*, 290 N.W.2d 28, 30 (Iowa 1980). However, when a postconviction petitioner asserts violation of constitutional safeguards—such as ineffective assistance of counsel—we make our own evaluation based on the totality of the circumstances. This is the equivalent of de novo review. *Id.*

I. *Counsel's Failure to Elicit Testimony Regarding the Misidentification.* Bailey contends he was denied effective assistance of counsel due to his trial counsel's failure to elicit testimony regarding Johansen's misidentification.

■ Upon review of the record, we determine this ineffective assistance of counsel claim has not been properly preserved.

The ineffective assistance of counsel claim was not raised on direct appeal. "In order to assert a claim of ineffective assistance of trial counsel in a postconviction proceeding, an applicant ... ordinarily must show that his claim was preserved for review by being made on direct appeal." *State v. Jones*, 479 N.W.2d 265, 271 (Iowa 1991).

■ However, an unpreserved claim of ineffective assistance of counsel may be made in a postconviction proceeding if the defendant can establish, by a preponderance of the evidence, both "sufficient reason" for not having raised the issue at trial and on direct appeal, and actual prejudice resulting from such error. *Id.* Therefore, unless Bailey has a sufficient reason for failing to raise this claim on direct appeal, we will not consider it here. *See Washington v. Scurr*, 304 N.W.2d 231, 235 (Iowa 1981).

We find Bailey has not demonstrated "sufficient reason" for having not raised, on direct appeal from his criminal trial, this particular claim of ineffective assistance of trial counsel. No showing of "sufficient reason" was ever made in this case. We also conclude Bailey has not shown actual prejudice for having not raised ineffective assistance of trial counsel because Bailey was not prejudiced by the above conduct of trial counsel. We, therefore, affirm the district court's denial of postconviction relief on this issue.

II. *Counsel's Failure to Preserve Error on the "Occupied Structure" Claim.* Bailey also asserts his trial counsel provided ineffective assistance by failing to make a proper objection and preserve error on his claim that the private office in the truck stop did not constitute an "occupied structure not being open to the public" as required by Iowa Code section 713.1 (1987). He also argues, based on this "occupied structure" claim, he was denied effective assistance of counsel by counsel's failure to object to the relevant jury instruction, Instruction No. 14.

■ Here, we find error was sufficiently preserved. Although this issue was also not raised on direct appeal, we find "suffi-

cient reason" for not having done so exists because it was the direct appeal itself in which error on this issue was found to not be properly preserved, thus suggesting trial counsel had failed to provide effective assistance of counsel by not properly preserving error.

In order to prevail on such a claim of ineffective assistance of counsel, appellant must show by a preponderance of the evidence that (1) counsel failed to perform an essential duty and (2) prejudice resulted. *State v. Risdal,* 404 N.W.2d 130, 131 (Iowa 1987); *See Edman v. State,* 444 N.W.2d 99, 101 (Iowa App.1989). In evaluating counsel's performance, we presume that counsel acted competently. *See Risdal,* 404 N.W.2d at 131.

We first examine the first prong, whether there was an affirmative factual basis demonstrating trial counsel failed to perform an essential duty. Specifically, here, we examine whether trial counsel failed to provide effective assistance of counsel by failing to raise the issue of whether the office was an "occupied structure" as required by Iowa Code section 713.1 (1987) and by failing to object to the relevant jury instruction.

Iowa Code section 713.1 (1987) states that "[a]ny person, having the intent to commit a felony, assault or theft therein, who, having no right, license or privilege to do so, enters an occupied structure, *such occupied structure not being open to the public ...* commits burglary." (Emphasis added). Iowa Code section 702.12 (1987) defines an "occupied structure" as

> ... any building, structure, appurtenances to buildings and structures, land, water or air vehicle, or similar place adapted for overnight accommodation of persons, or *occupied by persons for the purpose of carrying on business* or other activity therein, or for the storage or safekeeping of anything of value. Such a structure is an "occupied structure" whether or not a person is actually present.

(Emphasis added).

Bailey argues, because the truck stop was open to the public, the office was not an "occupied structure" as defined under Iowa Code section 713.1 (1987) and therefore there was insufficient evidence to convict him of second-degree burglary. He contends the fact the office portion of the truck stop was not open to the public was not enough to make the office an occupied structure under Iowa law. *See* Iowa Code §§ 702.12, 713.1 (1987).

The State argues the office was an occupied structure not open to the public and thus sufficient evidence existed to convict Bailey of burglary. We agree with the State. The office from which the money and the lottery tickets were taken was enclosed with four walls and a door. The owner of the truck stop testified the door to the office had an automatic closer and was always closed. Just because the office was part of larger building which was open to the public does not render the office to be "open to the public." Furthermore, the definition of burglary does not require that an occupied structure be locked in order for breaking to occur. *State v. Sylvester,* 331 N.W.2d 130, 132 (Iowa 1983).

Bailey also notes Iowa Code section 713.1 (1983) was amended in 1984 to *delete* language which referred to "an area enclosed as to provide a place for the keeping of valuable property secure from theft or criminal mischief."

We agree with the district court's conclusion that the 1984 amendment was in response to the court's holding in *State v. Newman,* 313 N.W.2d 484 (Iowa 1981). In *Newman,* the court found a coin changer in a laundromat constituted an "enclosed area" within the meaning of the 1981 Iowa Code. 313 N.W.2d at 486–87. We do not find the 1984 amendment precludes our finding a private office within a public truck stop to be an "occupied structure."

There was sufficient evidence on which to convict Bailey of burglary. We find Instruction No. 14, which defined burglary, was not improper. Therefore, we do not find trial counsel's failure to preserve error on this issue or trial counsel's failure

to object to Instruction No. 14 constituted ineffective assistance of counsel. We affirm the district court on this issue.

We determine any other issues Bailey may have raised are either covered by this opinion or are without merit.

The costs of this appeal are taxed to Bailey.

For the reasons stated, we affirm the judgment of the district court.

AFFIRMED.