**STATE of Iowa, Appellee,**

v.

**Keith Arthur CHAMBERS, Appellant.**

No. 93–1690.

Court of Appeals of Iowa.

Dec. 14, 1994.

**618**

Linda Del Gallo, State Appellate Defender and Annette L. Hitchcock, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Robert P. Ewald, Asst. Atty. Gen., Mary E. Richards, County Atty., and Stephen H. Holmes, Asst. County Atty., for appellee.

Considered by HAYDEN, P.J., and HABHAB and HUITINK, JJ.

HUITINK, Judge.

Keith Chambers appeals from his conviction of third-degree burglary. We affirm.

## I. *Background Facts and Proceedings.*

On June 28, 1993, juvenile court officer Mike Meyers arrived at his private office at the Human Services Building in Ames. Meyers placed his billfold containing nineteen one-dollar bills and three five-dollar bills into his desk drawer. Meyers then left his office to attend a meeting in another room in the same building.

Upon his return, Meyers encountered a man wearing zebra-striped pants emerging from the restroom next to his office. The two exchanged greetings as Meyers entered his office. Meyers opened his desk drawer and discovered the cash from his wallet was missing. Meyers did not see anyone else near his office that morning.

Meyers told an employee of the department of human services what had happened. The employee told Meyers the defendant, Keith Chambers, had just left that employ-

ee's office and asked directions to the restroom. He also told Meyers that Chambers was wearing zebra-striped pants.

Meyers left the building in search of Chambers. He radioed the police department to inform them of his loss. After failing to locate Chambers, Meyers returned to the Human Services Building and parked his car in a parking lot across the street. While there, he saw Chambers leave the Human Services Building through a side door. Meyers recognized Chambers as the man he encountered near his office earlier that morning. Meyers pulled his car alongside Chambers, showed him his badge identifying him as a juvenile court officer, and asked Chambers if he would answer a few questions. Chambers agreed.

Meyers told Chambers that money had been taken from his office. He asked Chambers if he had any money. Meyers also asked Chambers to empty his pockets and pull up his pant legs. Chambers complied and gave Meyers a billfold he was carrying under his pant legs. The wallet contained thirty-four dollars in the same denominations as that taken from Meyers.

Chambers gave Meyers the money and admitted taking it from his office. He then began to walk away from Meyers. Meyers told him that the police had already been summoned and that any attempt to flee would be futile. When the police arrived, Chambers repeated the admission and was promptly arrested.

Chambers was charged with third-degree burglary. Chambers moved to suppress all of the evidence obtained as a result of his encounter with Meyers on the grounds that the encounter was an illegal warrantless seizure. The district court overruled this motion finding Meyers had reasonable cause to stop and detain Chambers and his subsequent arrest was supported by probable cause.

At trial, Chambers admitted he took thirty-four dollars from a billfold he found in Meyers' desk drawer. He testified that he entered Meyers' office to use his telephone and did not have the intent to commit a theft when he first entered the office. On cross-examination, the State was permitted, over defendant's objection, to impeach the defendant with a prior theft conviction.

The jury was instructed on the definition and elements of burglary in the third degree as provided by Uniform Criminal Jury Instruction 1300.14. The district court rejected Chambers' proposed instruction on the "open-to-the-public" element of burglary. The proposed instruction provided:

> Whether a structure is open to the public depends on the totality of the circumstances. If under the circumstances known to him at the time, a reasonable person could believe that the structure was open to the public, that person had authority to enter the structure. Permission to enter need not be expressly given.

The jury found the defendant guilty of burglary in the third degree.

On appeal Chambers contends the district court erred by (1) failing to suppress evidence obtained as the result of an illegal warrantless seizure of his person; (2) admitting evidence of a prior criminal conviction; and (3) improperly instructing the jury. Chambers also contends the jury's verdict is not supported by the evidence.

## II. *Illegal Warrantless Seizure.*

■ We first consider Chambers' claim that evidence was obtained by an illegal warrantless seizure of his person. Since Chambers' constitutional rights are implicated, our review on this issue is de novo. *State v. Johnson*, 395 N.W.2d 661, 663 (Iowa App. 1986). We resolve this issue by making an independent evaluation of the totality of the circumstances. *State v. Richardson*, 501 N.W.2d 495, 496 (Iowa 1993).

■ The Fourth Amendment's prohibition against unreasonable search and seizure imposes a reasonableness standard upon the exercise of discretion by law enforcement officials. *State v. Losee*, 353 N.W.2d 876, 878 (Iowa App.1984). Ordinarily this proscription against unreasonable searches and seizures does not apply to searches and seizures conducted by private individuals. *State v. Holliday*, 169 N.W.2d 768, 771–72 (Iowa 1969). If, however, a private citizen acts as an agent of the state, the protections provided by the Fourth Amendment apply. *State v. Coy*, 397 N.W.2d 730, 731 (Iowa 1986) (citations omitted).

The State argues that Meyers acted as a private citizen and the Fourth Amendment protections claimed by Chambers do not apply under these circumstances. We, like the trial court, find it unnecessary to resolve this issue.

■ Even if Meyers acted as an agent of the state, he had the authority to stop and detain Chambers because he had reasonable cause to believe a crime had been committed. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Meyers violated no Fourth–Amendment prohibitions by approaching Chambers on the street and asking him to answer his questions. *Florida v. Royer,* 460 U.S. 491, 497, 103 S.Ct. 1319, 1324, 75 L.Ed.2d 229, 236 (1983). We conclude, based on our de novo review, Meyers did not act inappropriately when he stopped and questioned Chambers. The district court did not err by admitting Chambers' voluntary responses to Meyers' questions.

### III.  *Prior Criminal Conviction.*

■ The admission of evidence at trial is a matter left to the district court's discretion. We will not reverse unless we find a clear abuse of discretion. *State v. Halstead,* 362 N.W.2d 504, 506 (Iowa 1985).

■ Evidence of crimes other than the one for which the defendant is charged is inadmissible unless circumstances fall within narrowly-defined exceptions. *State v. Goff,* 315 N.W.2d 768, 769 (Iowa 1982). These exceptions include evidence of other crimes that are relevant to prove something other than the defendant's criminal predisposition. Iowa R.Evid. 404(b). The defendant's credibility may be attacked on cross-examination by showing the defendant's conviction of a crime involving dishonesty or false statements. Iowa R.Evid. 609(a). Rule 609(a) also requires that the crime was a felony, aggravated misdemeanor, or a crime punishable by imprisonment in excess of one year. Under either circumstance, the probative value of the evidence must outweigh its prejudicial effect. *Id.*

■ As stated earlier, the defendant was impeached on cross-examination by evidence of his prior theft conviction. Our review of the record indicates all of the conditions for admissibility under Iowa Rule of Evidence 609(a) have been met. The theft conviction was an aggravated misdemeanor involving dishonesty. The record also includes the district court's thoughtful analysis of the probative value and prejudicial effect of this evidence. We cannot say the district court abused its discretion when it admitted evidence of Chambers' prior theft conviction.

### IV.  *Jury Instructions.*

■ Chambers contends the district court's marshaling instruction was an incorrect statement of the law because it failed to require the State to establish that Meyers' office was "a place not open to the public." Our review of jury instructions is for errors of law. *State v. Bennett,* 503 N.W.2d 42, 45 (Iowa App.1993).

■ The district court has a duty to fully instruct the jury on the law applicable to the issues raised. *State v. Lindsey,* 302 N.W.2d 98, 102 (Iowa 1981). In evaluating the instructions, we read all of the instructions together, not piecemeal or in artificial isolation. *Sanders v. Ghrist,* 421 N.W.2d 520, 522 (Iowa 1988); *State v. Langlet,* 283 N.W.2d 330 (Iowa 1979).

Chambers correctly states that burglary includes a "not-open-to-the-public element," and the State has the burden of proving this element beyond a reasonable doubt. The district court's instructions must therefore inform the jury that this is the law they must apply. We conclude the jury instructions in this case, *when read together,* correctly state the law. Instructions *twelve* and *nineteen* identify the "not-open-to-the-public element" and assign the burden of proof on this issue to the State. Chambers' requested instruction was therefore unnecessary, and the district court did not err by rejecting it.

### V.  *Sufficiency of Evidence.*

■ Finally, we consider Chambers' challenge to the sufficiency of the evidence with respect to the "not-open-to-the-public element" of burglary. The district court overruled both Chambers' motion for judgment of acquittal and for new trial raising this issue. Our scope of review on this issue is for errors at law. A verdict will be upheld where there is substantial evidence in the record tending to support it. *State v. Le-Gear,* 346 N.W.2d 21, 23 (Iowa 1984). Substantial evidence means evidence which would convince a rational fact finder that the

defendant is guilty beyond a reasonable doubt. *Id.* We consider all of the evidence at trial, not just the evidence supporting the verdict. *State v. Bass,* 349 N.W.2d 498, 500 (Iowa 1984).

The record indicates the State presented evidence that Meyers' office was not open to the public. There was testimony the Human Services Building has a public and nonpublic area separated by a door. There was also evidence the door bears a sign stating "Authorized Personnel Only." We conclude there is substantial evidence supporting the "not-open-to-the-public element" of burglary. Our conclusion is consistent with our earlier holding that a private office in a building otherwise open to the public is "not open to the public within the meaning of the burglary statute." *Bailey v. State,* 493 N.W.2d 419, 422 (Iowa App.1992).

We have carefully considered all of Chambers' claims and find them to be without merit. The district court's judgment is affirmed in its entirety.

**AFFIRMED.**